IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

TAMIKO GARRIS-RIVERS

                PLAINTIFF,

-against-

THE CITY OF NEW YORK, a municipal entity,
THE LONG ISLAND RAIL ROAD, THE
METROPOLITAN TRANSPORTATION
AUTHORITY, MTA EMPLOYEES "JOHN
DOES 1-5", LIRR EMPLOYEES "1-5", and
NEW YORK CITY POLICE OFFICERS "John
Does 1-5",

                DEFENDANTS.

---

13 CV 9034

INDEX NO.
ECF CASE

COMPLAINT
JURY TRIAL
DEMANDED

JUDGE DANIELS

RECEIVED DEC 20 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff TAMIKO GARRIS-RIVERS, by her attorneys, STECKLOW COHEN & THOMPSON, complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff Tamiko Garris-Rivers brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. On May 6, 2013, Plaintiff was lawfully riding a Long Island Rail Road train as a passenger. Without cause or justification, Plaintiff was removed from the train, handcuffed, arrested, and transported to a police precinct. Plaintiff was charged with offenses that she did not commit. Plaintiff spent approximately twenty-four (24) hours in the Defendants' custody before being released. All charges against Plaintiff were dismissed on or around November 6, 2013.

## II. JURISDICTION

3.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

4.     Plaintiff Tamiko Garris-Rivers further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts.

### III. VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 (b)(1) because the Defendants are residents of this district pursuant to 28 U.S.C. § 1391(c)(2).

### IV. JURY DEMAND

6.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### COMPLIANCE WITH GENERAL MUNICIPAL LAW § 50-I

7.     Plaintiff has complied with all relevant provisions of General Municipal Law §50 in providing notice to Defendants The City of New York, The Long Island Rail Road, and the Metropolitan Transit Authority.

### V. THE PARTIES

8.     Plaintiff Tamiko Garris-Rivers is an African-American female and is a resident of Suffolk County, New York.

9.     Defendant The City of New York is a municipal corporation organized under the laws of the State of New York.

10.    Defendant the City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New

York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

11. Defendant the Metropolitan Transportation Authority ("the MTA") is a public benefit corporation organized under the laws of the State of New York.

12. Defendant The Long Island Rail Road ("the LIRR") is a municipal corporation organized under the laws of the State of New York, and is a subsidiary of the MTA.

13. That at all times hereinafter mentioned the Defendant MTA Employees "John Does 1-5", Defendant LIRR Employees "John Does 1-5", and Defendant New York City Police Officers "John Does 1-5" (collectively, "The Individual Defendants") were acting under color of state law and/or in compliance with the customs, usages and/or practices of the State or City of New York, the MTA, and the LIRR.

14. Each and all of the acts of The Individual Defendants alleged herein were done by said defendants while acting in furtherance and within the scope of their employment by Defendant the City of New York, the MTA, and the LIRR.

## VI. FACTS COMMON TO ALL CLAIMS

15. On May 6, 2013, at around 6:00pm, Plaintiff Tamiko Garris-Rivers ("Plaintiff") was seated on an eastbound train of the Long Island Rail Road's Ronkonkoma Line.

16. The train was stopped at the Atlantic Terminal station.

17. Plaintiff was asked to show a pass that permitted her to board the train.

18. Plaintiff complied, presenting a valid dependent pass entitling Plaintiff to board the train.

19. The train left the Atlantic Terminal Station, and passed the Nostrand Avenue and East New York stops.

20. After the train pulled into the Jamaica Center station, a conductor approached the Plaintiff.

21. The conductor approached Plaintiff and requested that Plaintiff show her pass

once more.

22. Plaintiff complied.

23. Nonetheless, Plaintiff was removed from the train by the Defendants.

24. Plaintiff was handcuffed and held on the train's platform.

25. The Defendants walked Plaintiff down the stairs and placed her in a police precinct within the Jamaica Center station.

26. Plaintiff was transported to Queens Central Booking.

27. There Plaintiff was detained for approximately twenty-four (24) hours.

28. Plaintiff was arraigned and released on her own recognizance on the afternoon of May 7, 2013.

29. The Defendants charged Plaintiff with crimes and violations that she did not commit. Those crimes were Obstruction of Governmental Administration in the Second Degree, and Disorderly Conduct, Subsection 2.

30. All charges against Plaintiff were adjourned in contemplation of dismissal following her arraignment, and dismissed approximately six (6) months later.

31. As a result of the foregoing, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

_____

FIRST CLAIM FOR RELIEF

DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

AGAINST ALL DEFENDANTS

32. The Plaintiff restates all allegations of this Complaint herein.

33. Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by The Individual Defendants in their capacities as police officers, servants, and/or employees of Defendant the City of New York, the MTA and/or the LIRR, with all of the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers or employees of the MTA and/or the LIRR, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, the MTA, and/or the LIRR, all under the supervision of ranking officers of said police department and supervisors of said entities.

36. Defendants, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, out-of-pocket expenses and damage to her reputation and standing within her community.

38. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

SECOND CLAIM FOR RELIEF<br>FALSE ARREST UNDER 42 U.S.C. § 1983<br>AGAINST THE INDIVIDUAL DEFENDANTS

39. The Plaintiff restates all allegations of this Complaint herein.

40. The Individual Defendants arrested Plaintiff without a warrant.

41. The Individual Defendants arrested Plaintiff without having probable cause to do so.

42. As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer harm.

43. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983
## AGAINST THE INDIVIDUAL DEFENDANTS

44. The Plaintiff restates all allegations of this Complaint herein.

45. Each of The Individual Defendants had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights.

46. Each of The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights, despite having had a realistic opportunity to do so.

47. Each of the The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights, despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by the defendants' affirmative conduct.

48. As a result of the aforementioned conduct of the individual defendants, Plaintiff's constitutional rights were violated.

49. As a result, Plaintiff was harmed.

50. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

51. The Plaintiff restates all allegations of this Complaint herein.

52. Defendants handcuffed Plaintiff without probable cause for her arrest.

53. These handcuffs were placed around Plaintiff's wrists too tightly, and for extended periods of time.

54. The level of force employed by Defendants against Plaintiff was objectively unreasonable.

55. The force employed by Defendants against Plaintiff did not advance any proper government objective.

56. As result, Plaintiff was harmed.

57. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

FIFTH CLAIM FOR RELIEF

EQUAL PROTECTION UNDER 42 U.S.C. § 1983

AGAINST THE INDIVIDUAL DEFENDANTS

58. The Plaintiff restates all allegations of this Complaint herein.

59. That at all times described herein, Plaintiff was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

60. The Individual Defendants subjected Plaintiff to assault, battery, use of excessive force, unlawful arrest, and other violations of Plaintiff's Constitutional rights in the manner described herein because they knew that they could do so with impunity.

61. The Individual Defendants' particular acts of subjecting Plaintiff to assault, battery, use of excessive force, unlawful arrests, and other violations of Plaintiff's constitutional rights in the manner described herein, were the result of a perceived ease of charging and prosecuting minority, working-class individuals with crimes and/or violations in order to cover up for constitutionally-violative conduct.

62. The Individual Defendants undertook the particular actions described herein against Plaintiff because Plaintiff is African-American, and therefore The Individual

7

Defendants knew that they could undertake these actions with impunity.

63. As a result of the aforementioned conduct, The Individual Defendants violated Plaintiff's constitutional rights to equal protection under the law.

64. As a result, Plaintiff was harmed.

65. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

_____

STATE LAW CLAIMS

SIXTH CLAIM FOR RELIEF

ASSAULT AND BATTERY AGAINST THE INDIVIDUAL DEFENDANTS

66. The Plaintiff restates all allegations of this Complaint herein.

67. Defendants intentionally threatened imminent, offensive, and harmful contact with Plaintiff.

68. Defendants intentionally made bodily contact with Plaintiff in a manner that was offensive in nature.

69. Defendants made such bodily contact with Plaintiff without Plaintiff's consent.

70. Defendants made such bodily contact with Plaintiff without privilege to do so.

71. As a result, Plaintiff was harmed.

72. The Plaintiff is entitled to compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

SEVENTH CLAIM FOR RELIEF
RESPONDEAT SUPERIOR AGAINST
DEFENDANT THE CITY OF NEW YORK, DEFENDANT THE LONG ISLAND RAIL ROAD, AND DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY

73. The Plaintiff restates all allegations of this Complaint herein.

74. The Individual Defendants were at all times acting within the scope of their employment as servants and employees of Defendants The City of New York, The LIRR, and the MTA.

75. The actions of The Individual Defendants were generally foreseeable and a natural incident of their employment by Defendants The City of New York, the LIRR, and the MTA.

76. As a result of the actions of The Individual Defendants, the Plaintiff was harmed.

77. Defendants The City of New York, the LIRR, and the MTA are liable for the actions of The Individual Defendants.

78. The Plaintiff is entitled to compensatory damages from Defendant The City of New York, the LIRR, and the MTA in an amount to be determined at trial, together with attorneys' fees and costs.

<u>EIGHTH CLAIM FOR RELIEF</u>

<u>NEGLIGENCE AGAINST ALL DEFENDANTS</u>

79. The Plaintiff restates all allegations of this Complaint herein.

80. The Defendants, by virtue of their operation of a common carrier, owed a duty of care to Plaintiff. They owed a duty to carry Plaintiffs safely to her destination.

81. The Defendants, as a result of having Plaintiff in their custody, owed a duty to Plaintiff to prevent her from being subjected to assault and battery, and violating Plaintiff's constitutional rights in the manner described herein.

82. The Defendants breached their duties, and were negligent in allowing Plaintiff to be assaulted and battered in the manner described herein.

83. The Defendants' breach of their duties owed to Plaintiff was the direct and proximate cause of Plaintiff's injuries.

84. Plaintiff received both actual and substantial physical and mental injuries as a

result of the Defendants' breach of their duties owed to Plaintiff.

85. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF

## NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT THE CITY OF NEW YORK, DEFENDANT THE LONG ISLAND RAIL ROAD, AND DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY

86. The Plaintiff restates all allegations of this Complaint herein.

87. Defendants failed to use reasonable care in the hiring and retention of their servants and employees who were involved in this incident.

88. Defendants failed to use reasonable care in the training and supervision of their servants and employees, permitting and enabling them to engage in the wrongful conduct alleged in this Complaint.

89. As a result, Plaintiff was harmed.

90. The Plaintiff is entitled to compensatory damages from Defendants in an amount to be determined at trial, together with attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF

## FALSE ARREST AND IMPRISONMENT AGAINST ALL DEFENDANTS

91. The Plaintiff restates all allegations of this Complaint herein.

92. The Plaintiff was seized and confined by the Defendants, without legal justification.

93. The Plaintiff was aware of her confinement.

94. As a result, the Plaintiff was harmed.

95. The Plaintiff is entitled to compensatory damages from Defendants in an amount

to be determined at trial, together with attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS

96. The actions of The Individual Defendants constituted intentional violations of federal and state law.

97. The actions of The Individual Defendants were motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the Plaintiff.

98. As a result, the Plaintiff is entitled to an award of punitive damages against each of The Individual Defendants, in an amount to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
         December 20, 2013

Respectfully submitted,

DAVID A. THOMPSON [DT 3991]
STECKLOW COHEN & THOMPSON
10 SPRING STREET – SUITE 1
New York, New York 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFF