UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X     Index No.:
TAMIKO GARRIS-RIVERS,                                  13-CV- 9034

                              Plaintiff,               ANSWER TO
                                                       COMPLAINT

        -against-

THE CITY OF NEW YORK, a municipal entity,
THE LONG ISLAND RAIL ROAD, THE
METROPOLITAN TRANSPORTATION
AUTHORITY, MTA EMPLOYEES "JOHN
DOES 1-5", LIRR EMPLOYEES "1-5", and
NEW YORK CITY POLICE OFFICERS "John
Does 1-5",

                              Defendants.
------------------------------------------------X

**S I R S :**

        Defendants, THE LONG ISLAND RAIL ROAD, THE METROPOLITAN

TRANSPORTATION AUTHORITY, MTA EMPLOYEES "JOHN DOES 1-5", LIRR

EMPLOYEES "1-5, by their attorneys, BEE READY FISHBEIN HATTER &

DONOVAN, LLP, as and for their Answer to Plaintiff's Complaint, sets forth as follows:

## I.  PRELIMINARY STATEMENT

        1.      Denies each and every allegation contained in Paragraph "1" of the

Complaint.

        2.      Denies each and every allegation contained in Paragraph "2" of the

Complaint.

## JURISDICTION

        3.      Denies any knowledge or information sufficient to form a belief as to each

and every allegation contained in Paragraph "3" of the Complaint, and respectfully refer all

question of law to the within Court for ultimate determination.

4.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "4" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

### III.   VENUE

5.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "5" of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

### IV.   JURY DEMAND

6.     Agrees to each and every allegation contained in Paragraph "6" of the Complaint.

### COMPLIANCE WITH GENERAL MUNICIPAL LAW § 50-I

7.     Denies each and every allegation contained in Paragraph "7" of the Complaint.

### V.   PARTIES

8.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the Complaint.

9.     A Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "9" of the Complaint.

10.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "10" of the Complaint.

11.     Admits Paragraph "11" of the Complaint.

12.     Admits Paragraph "12" of the Complaint.

13.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the Complaint.

14.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "14" of the Complaint.

## VI.   FACTS COMMON TO ALL CLAIMS

15.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the Complaint.

16.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Complaint.

17.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the Complaint.

18.     Denies each and every allegation contained in Paragraph "18" of the Complaint.

19.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the Complaint.

20.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Complaint.

21.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Complaint.

22.     Denies each and every allegation contained in Paragraph "22" of the Complaint.

23.     Denies each and every allegation contained in Paragraph "23" of the

3

Complaint.

24.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Complaint.

25.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the Complaint.

26.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the Complaint.

27.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "27" of the Complaint.

28.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "28" of the Complaint.

29.    Denies each and every allegation contained in Paragraph "29" of the Complaint.

30.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "30" of the Complaint.

31.    Denies each and every allegation contained in Paragraph "31" of the Complaint.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

32.    Answering Paragraph "32" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth

herein.

33. Denies each and every allegation contained in Paragraph "33" of the Complaint.

34. Denies each and every allegation contained in Paragraph "34" of the Complaint.

35. Denies each and every allegation contained in Paragraph "35" of the Complaint.

36. Denies each and every allegation contained in Paragraph "36" of the Complaint.

37. Denies each and every allegation contained in Paragraph "37" of the Complaint.

38. Denies each and every allegation contained in Paragraph "38" of the Complaint.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

39. Answering Paragraph "39" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

40. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "40" of the Complaint.

41. Denies each and every allegation contained in Paragraph "41" of the

Complaint.

42. Denies each and every allegation contained in Paragraph "42" of the Complaint.

43. Denies each and every allegation contained in Paragraph "43" of the Complaint.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

44. Answering Paragraph "44" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

45. Denies each and every allegation contained in Paragraph "45" of the Complaint.

46. Denies each and every allegation contained in Paragraph "46" of the Complaint.

47. Denies each and every allegation contained in Paragraph "47" of the Complaint.

48. Denies each and every allegation contained in Paragraph "48" of the Complaint.

49. Denies each and every allegation contained in Paragraph "49" of the Complaint.

50. Denies each and every allegation contained in Paragraph "50" of the

Complaint.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

51. Answering Paragraph "51" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

52. Denies each and every allegation contained in Paragraph "52" of the Complaint.

53. Denies each and every allegation contained in Paragraph "53" of the Complaint.

54. Denies each and every allegation contained in Paragraph "54" of the Complaint.

55. Denies each and every allegation contained in Paragraph "55" of the Complaint.

56. Denies each and every allegation contained in Paragraph "56" of the Complaint.

57. Denies each and every allegation contained in Paragraph "57" of the Complaint.

## FIFTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

58. Answering Paragraph "58" of the Complaint, these answering Defendants

repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

59.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "59" of the Complaint.

60.     Denies each and every allegation contained in Paragraph "60" of the Complaint.

61.     Denies each and every allegation contained in Paragraph "61" of the Complaint.

62.     Denies each and every allegation contained in Paragraph "62" of the Complaint.

63.     Denies each and every allegation contained in Paragraph "63" of the Complaint.

64.     Denies each and every allegation contained in Paragraph "64" of the Complaint.

65.     Denies each and every allegation contained in Paragraph "65" of the Complaint.

**STATE LAW CLAIMS**

**SIXTH CLAIM FOR RELIEF**

**ASSAULT AND BATTERY AGAINST THE INDIVIDUAL DEFENDANTS**

66.     Answering Paragraph "66" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth

herein.

67.    Denies each and every allegation contained in Paragraph "67" of the Complaint.

68.    Denies each and every allegation contained in Paragraph "68" of the Complaint.

69.    Denies each and every allegation contained in Paragraph "69" of the Complaint.

70.    Denies each and every allegation contained in Paragraph "70" of the Complaint.

71.    Denies each and every allegation contained in Paragraph "71" of the Complaint.

72.    Denies each and every allegation contained in Paragraph "72" of the Complaint.

## SEVENTH CLAIM FOR RELIEF
## RESPONDENT SUPERIOR AGAINST
## DEFENDANT CITY OF NEW YORK, DEFENDANT THE LONG ISLAND
## RAIL ROAD, AND DEFENDANT THE METROPOLITAN TRANSITY
## AUTHORITY

73.    Answering Paragraph "73" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

74.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "74" of the Complaint.

75. Denies each and every allegation contained in Paragraph "75" of the Complaint.

76. Denies each and every allegation contained in Paragraph "76" of the Complaint.

77. Denies each and every allegation contained in Paragraph "77" of the Complaint.

78. Denies each and every allegation contained in Paragraph "78" of the Complaint.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE AGAINST THE INDIVIDUAL DEFENDANTS

79. Answering Paragraph "79" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

80. Denies each and every allegation contained in Paragraph "80" of the Complaint.

81. Denies each and every allegation contained in Paragraph "81" of the Complaint.

82. Denies each and every allegation contained in Paragraph "82" of the Complaint.

83. Denies each and every allegation contained in Paragraph "83" of the Complaint.

84. Denies each and every allegation contained in Paragraph "84" of the

Complaint.

85. Denies each and every allegation contained in Paragraph "85" of the Complaint.

## NINTH CLAIM FOR RELIEF
## NEGLIGENT HIRING AND RETENTION AGAINST
## DEFENDANT THE CITY OF NEW YORK, DEFENDANT THE LONG ISLAND
## RAIL ROAD, AND DEFENDANT THE METROPOLITAN TRANSIT
## AUTHORITY

86. Answering Paragraph "86" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

87. Denies each and every allegation contained in Paragraph "87" of the Complaint.

88. Denies each and every allegation contained in Paragraph "88" of the Complaint.

89. Denies each and every allegation contained in Paragraph "89" of the Complaint.

90. Denies each and every allegation contained in Paragraph "90" of the Complaint.

## TENTH CLAIM FOR RELIEF
## FALSE ARREST AND IMPRISONMENT
## AGAINST ALL DEFENDANTS

91. Answering Paragraph "91" of the Complaint, these answering Defendants

repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

92. Denies each and every allegation contained in Paragraph "92" of the Complaint.

93. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "93" of the Complaint.

94. Denies each and every allegation contained in Paragraph "94" of the Complaint.

95. Denies each and every allegation contained in Paragraph "95" of the Complaint.

## ELEVENTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS

96. Denies each and every allegation contained in Paragraph "96" of the Complaint.

97. Denies each and every allegation contained in Paragraph "97" of the Complaint.

98. Denies each and every allegation contained in Paragraph "98" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99. Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276. Therefore, this action and all state law causes of action may not be maintained against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100.    Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

101.    Defendant MTA is not subject to an award of exemplary or punitive damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102.    Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

103.    That Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104.    Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted

reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

105.    That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

106.    That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

107.    That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

108.    Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

109.    That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom,

practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

110. That these answering defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

111. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

112. If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

113. Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

114. Plaintiff's Complaint must be dismissed, in whole or in part, for failure to

state a cause of action upon which relief may be granted.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims against all Defendants are frivolous.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

117. Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

119. Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

120. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

121. If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

122.     Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

123.     Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

124.     Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

125.     Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

126.     That answering Defendants are entitled to qualified immunity as to any

actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

127.    That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

128.    Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

129.    Upon information and belief, this Court lacks jurisdiction over these answering Defendants based upon the allegations in the Complaint.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

130.    That the MTA Police Department is not an entity susceptible to suite.   See, e.g., *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (EDNY 1992).

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

131.    That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

132.    That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE**

133. That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE**

134. That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

135. Plaintiff lacks capacity to bring this suit.

**AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

136. Plaintiff lacks standing to bring the instant action.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THESE ANSWERING DEFENDANTS ALLEGE**

137. That if the Plaintiff sustained injury and damage as alleged in the Complaint by reason of fault other than his own, and judgment is recovered against these answering Defendants, then the liability of said Defendants will have been brought about by reason of the primary culpable conduct of the Co-Defendants, THE CITY OF NEW YORK, a municipal entity and NEW YORK CITY POLICE OFFICERS "John Does 1-5", individually and or collectively, without any such culpable conduct on the part of this answering Defendant who is thereby entitled to indemnity for all or part of any such judgment and in such amount as shall be determined ultimately at the trial of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THESE ANSWERING DEFENDANTS ALLEGE

138.   That in the event that the Plaintiff's injuries were not caused solely by the primary culpable conduct of Defendants, THE CITY OF NEW YORK, a municipal entity and NEW YORK CITY POLICE OFFICERS "John Does 1-5", individually or collectively, thus entitling these answering Defendants to indemnification, then the culpable conduct of Co-Defendants, THE CITY OF NEW YORK, a municipal entity and NEW YORK CITY POLICE OFFICERS "John Does 1-5", individually and/or collectively, contributed to such injuries.   Thus, pursuant to CPLR 1402 and 1403, these answering Defendants shall have contribution from n Co-Defendants, THE CITY OF NEW YORK, a municipal entity and NEW YORK CITY POLICE OFFICERS "John Does 1-5", individually and/or collectively, for any amount which they are required to pay in excess of this answering Defendant's equitable share of all parties responsible in such amounts as will be determined by this Court.

WHEREFORE, Defendants, THE LONG ISLAND RAIL ROAD, THE METROPOLITAN TRANSPORTATION AUTHORITY, MTA EMPLOYEES "JOHN DOES 1-5", LIRR EMPLOYEES "1-5, demand judgment dismissing the Complaint against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
       January 28, 2014

                    Yours, etc.,

                    **BEE READY FISHBEIN
                    HATTER & DONOVAN, LLP**

By: _____

Angelo M. Bianco (AB 2733)
*Attorneys for Defendants*
*The Long Island Rail Road,*
*The Metropolitan Transportation Authority,*
*MTA Employees "John Does 1-5"*
*and LIRR Employees "1-5*
170 Old Country Road
Mineola, New York   11501
(516) 746-5599
Fax No. (516) 746-1045
**File No.: 6178-1307**

TO:   **DAVID A. THOMPSON (DT 3991)**
    *Attorneys for Plaintiff*
    10 Spring Street, Suite 1
    New York, New York   10012
    (212) 566-8000
    Fax (212) 202-4952