UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TAMIKO GARRIS-RIVERS,

                                                    Plaintiff,

                        -AGAINST-

THE CITY OF NEW YORK, a municipal entity, THE
LONG ISLAND RAIL ROAD, THE METROPOLITAN
TRANSPORTATION AUTHORITY, MTA EMPLOYEES
"JOHN DOES 1-5", LIRR EMPLOYEES "1-5", and NEW
YORK CITY POLICE OFFICERS "John Does 1-5",

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO PLAINTIFF'S
COMPLAINT ON BEHALF
OF DEFENDANT CITY OF
NEW YORK**

13 Civ. 9034 (GBD) (RLE)

JURY TRIAL DEMAND

 

 

Defendant City of New York ("City"), by its attorney, Jeffrey D. Friedlander,

Acting Corporation Counsel of the City of New York, for its answer to the Plaintiff's Complaint

("Complaint"), respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in section "1" of the complaint, except

admits that Plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in section "2" of the complaint.

       3.     Denies the allegations set forth in section "3" of the complaint, except

admits that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Denies the allegations set forth in section "4" of the complaint, except

admits that Plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       5.     Denies the allegations set forth in section "5" of the complaint, except

admits that Plaintiff purports to seek venue as stated therein.

6.      Denies the allegations set forth in section "6" of the complaint, except admits that Plaintiff demands a jury trial.

7.      Denies the allegations set forth in section "7" of the complaint, except admits that Plaintiff effectuated service upon the City of New York.

8.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "8" of the complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "9" of the complaint, except admits that the City of New York is a municipal entity organized under the laws of the State of New York.

10.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "10" of the complaint, except respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between Defendant City and the New York City Police Department.

11.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "11" of the complaint.

12.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in section "12" of the complaint.

13.      Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "13" of the complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

14.      Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "14" of the complaint, and state that allegations concerning "scope of employment" constitute legal conclusions to which no response is required

15.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "23" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the  truth of the allegations set forth in section "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "26" of the complaint.

27.     Denies knowledge and information sufficient to form a belief as to the allegations set forth in section "27" of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "28" of the complaint.

29.     Denies the allegations set forth in section "29" of the complaint.

30.     Denies knowledge and information sufficient to form a belief as to the allegations set forth in section "30" of the complaint.

31.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in section "31" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" inclusive of their answer, as is fully set forth herein.

33.     Denies the allegations set forth in section "33" of the complaint.

34.     Denies the allegations set forth in section "34" of the complaint.

35.     Denies the allegations set forth in section "35" of the complaint.

36.     Denies the allegations set forth in section "36" of the complaint, and state that allegations concerning "color of law" constitute legal conclusions to which no response is required.

37.     Denies the allegations set forth in section "37" of the complaint.

38.     Denies the allegations set forth in section "38" of the complaint.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38" inclusive of their answer, as is fully set forth herein.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "40" of the complaint.

41.     Denies the allegations set forth in section "41" of the complaint.

42.     Denies the allegations set forth in section "42" of the complaint.

43.     Denies the allegations set forth in section "43" of the complaint.

44.     In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43" inclusive of their answer, as is fully set forth herein.

45.     Denies the allegations set forth in section "45" of the complaint.

46.     Denies the allegations set forth in section "46" of the complaint.

47.     Denies the allegations set forth in section "47" of the complaint.

48.     Denies the allegations set forth in section "48" of the complaint.

49.     Denies the allegations set forth in section "49" of the complaint.

50.     Denies the allegations set forth in section "50" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50" inclusive of their answer, as is fully set forth herein.

52.     Denies the allegations set forth in section "52" of the complaint.

53.     Denies the allegations set forth in section "53" of the complaint.

54.     Denies the allegations set forth in section "54" of the complaint.

55.     Denies the allegations set forth in section "55" of the complaint.

56.     Denies the allegations set forth in section "56" of the complaint.

57.     Denies the allegations set forth in section "57" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

58.     In response to the allegations set forth in paragraph "58" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "57" inclusive of their answer, as is fully set forth herein.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "59" of the complaint.

60.     Denies the allegations set forth in section "60" of the complaint.

61.     Denies the allegations set forth in section "61" of the complaint.

62.     Denies the allegations set forth in section "62" of the complaint.

63.     Denies the allegations set forth in section "63" of the complaint.

64.     Denies the allegations set forth in section "64" of the complaint.

65.     Denies the allegations set forth in section "65" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65" inclusive of their answer, as is fully set forth herein.

67.     Denies the allegations set forth in section "67" of the complaint.

68.     Denies the allegations set forth in section "68" of the complaint.

69.     Denies the allegations set forth in section "69" of the complaint.

70.     Denies the allegations set forth in section "70" of the complaint.

71.     Denies the allegations set forth in section "71" of the complaint.

72.     Denies the allegations set forth in section "72" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "72" inclusive of their answer, as is fully set forth herein.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "74" of the complaint, and state that allegations concerning "scope of employment" constitute legal conclusions to which no response is required.

75.     Denies the allegations set forth in section "75" of the complaint.

76.     Denies the allegations set forth in section "76" of the complaint.

77.     Denies the allegations set forth in section "77" of the complaint.

78.     Denies the allegations set forth in section "78" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

79.     In response to the allegations set forth in paragraph "79" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "78" inclusive of their answer, as is fully set forth herein.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "80" of the complaint, and state that allegations concerning "duty of care" constitute legal conclusions to which no response is required.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "81" of the complaint, and state that allegations concerning "duty" constitute legal conclusions to which no response is required.

82.     Denies the allegations set forth in section "82" of the complaint.

83.     Denies the allegations set forth in section "83" of the complaint.

84.     Denies the allegations set forth in section "84" of the complaint.

85.     Denies the allegations set forth in section "85" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

86.     In response to the allegations set forth in paragraph "86" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "85" inclusive of their answer, as is fully set forth herein.

87.     Denies the allegations set forth in section "87" of the complaint.

88.     Denies the allegations set forth in section "88" of the complaint.

89.     Denies the allegations set forth in section "89" of the complaint.

90.     Denies the allegations set forth in section "90" of the complaint.

91.     In response to the allegations set forth in paragraph "91" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "90" inclusive of their answer, as is fully set forth herein.

92.     Denies the allegations set forth in section "92" of the complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "93" of the complaint.

94.     Denies the allegations set forth in section "94" of the complaint.

95.     Denies the allegations set forth in section "95" of the complaint.

96.     Denies the allegations set forth in section "96" of the complaint.

97.     Denies the allegations set forth in section "97" of the complaint.

98.     Denies the allegations set forth in section "98" of the complaint, except admits that Plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

99.      The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

100.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

101.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of Defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

102.     At all times relevant to the incident, Defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, Defendant City is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

103.     Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

104.     There was probable cause for Plaintiff's arrests, detentions,  and any purported prosecutions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

105.    Plaintiff provoked any incident.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

106.    Plaintiff's claims may in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

107.    Plaintiff may have failed to comply with conditions precedent to suit, including General Municipal Law § 50-e, § 50-h and § 50-i.

**WHEREFORE,** Defendant City of New York requestS judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                January 29, 2014

                                        Jeffrey D. Friedlander
                                        Acting Corporation Counsel of the City of New York
                                        *Attorney for Defendant City of New York*
                                        100 Church Street Rm. 3-212
                                        New York, NY 10007


                                        By:    _____/s_____
                                                Omar J. Siddiqi
                                                Assistant Corporation Counsel


To:      David A. Thompson, Esq. (By ECF)
         Attorney for Plaintiff

13 Civ. 9034 (GBD) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMIKO GARRIS-RIVERA

PLAINTIFF,

-AGAINST-

THE CITY OF NEW YORK, A MUNICIPAL ENTITY,
THE LONG ISLAND RAIL ROAD, THE
METROPOLITAN TRANSPORTATION
AUTHORITY, MTA EMPLOYEES "JOHN DOES 1-
5", LIRR EMPLOYEES "1-5", AND NEW YORK
CITY POLICE OFFICERS "JOHN DOES 1-5",

DEFENDANTS.

**ANSWER TO THE COMPLAINT ON BEHALF OF
DEFENDANT CITY OF NEW YORK**

*JEFFREY D. FRIEDLANDER*
*Acting Corporation Counsel of the City of New
York*
*Attorney for Defendant City of New York*
*New York, N.Y. 10007*

*Of Counsel: Omar J. Siddiqi*
*Tel: (212) 356-2381*
*NYCLIS No. 2013-057158*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................... ,2013*

*...................................................................... Esq.*

*Attorney for ..........................................................*