DAVID A. THOMPSON  
STECKLOW COHEN & THOMPSON

WWW.WYLIELAW.COM

217 CENTRE STREET, 6TH FLOOR  
NEW YORK, NEW YORK 10013  
TEL:   (212) 566-8000  
FAX:   (212) 202-4952  
DTHOMPSON@WYLIELAW.COM

Nov. 10, 2014

**BY ECF**  
Hon. George B. Daniels, USDJ  
United States Courthouse, SDNY  
500 Pearl Street  
New York, NY  10007

       Re: Tamiko Garris-Rivers v. The City of New York, 13-cv-09034 (GBD)

Dear Honorable Judge Daniels:

    I write as counsel for the plaintiff in the above-captioned case, which arises out of the plaintiff's arrest on Platform D of the Jamaica LIRR station on May 6, 2013. The plaintiff contends that her arrest was unlawful because she committed no wrongdoing. The defendants contend that, among other things, the plaintiff committed disorderly conduct on Platform D, thereby justifying her arrest. During a recent deposition of one of the police officers who made the arrest, the officer testified that there are video cameras that film Platform D, the location where this portion of the alleged incident took place. These cameras produce recordings that are stored by the defendant MTA. However, no video of the incident has been produced.

    Andrew Preston, attorney for the defendants, has represented to me that the video was destroyed pursuant to an applicable retention policy. It is my understanding that Mr. Preston is in the process of confirming whether or not this is, in fact, the case. I have also asked Mr. Preston to provide further details about the nature of the retention policy and circumstances under which the video was destroyed, if that is indeed what happened.

    I am bringing this issue to your attention because, if Mr. Preston confirms that the video was destroyed, there will be a need to address whether sanctions should be imposed against the defendants. Because of the Court's previously-expressed concern with the schedule of this

1

litigation, I wished to inform the Court of this issue without delay, so that the Court will be aware of the possible need for a Rule 37.2 conference or motion practice relating to this issue.

To provide a better understanding of the issue, the plaintiff in this case filed a notice of claim almost immediately after the incident, and it was **received** a mere eight (8) days after the incident. (See Exhibit A). It is the plaintiff's position that, upon receipt, the defendants had a duty to preserve any video evidence that existed at that time. I anticipate that the parties will dispute whether, under these circumstances, sanctions are warranted, as well as what sanction might be appropriate.

At this point in time, because I believe Mr. Preston is acting in good faith to determine the relevant facts, it may be premature to for the Court to intervene. Nevertheless, because of the Court's scheduling concerns, the Court may wish to establish a control date by which time the parties should notify the Court if a Rule 37.2 conference is necessary.

Respectfully submitted,

David A. Thompson

Case 1:13-cv-09034-GBD   Document 53-1   Filed 11/10/14   Page 1 of 1

Jamaica Station                    Helena E. Williams              Richard L. Gans
Jamaica, NY 11435-4380             President                       Vice President - General Counsel & Secretary



# Long Island Rail Road

(718) 558-8292

May 29, 2013

Stecklow Cohen & Thompson
Attn.: David A. Thompson, Esq.
10 Spring Street – Suite 1
New York, New York   10012

**Re:   Tamiko Garris-Rivers**
       **Date of Incident: May 6, 2013**
       **Claim No.: MTACS0013529**

Dear Mr. Thompson:

This will serve to acknowledge receipt of your Notice of Claim, which was received by this office on May 14, 2013.

Please be advised that this claim has been assigned to Al Nesbot for investigation. He may be reached at (718) 558-8359. Upon review of this claim, Mr. Nesbot will be in contact with you if further information is required.

Sincerely,

*Kristin M. Woodhouse*

Kristin M. Woodhouse
Director of Claims & Investigations

KMW/mtg