UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMIKO GARRIS-RIVERS,                            Index No. 13-cv-9034(GBD)(RLE)

                              Plaintiff,

        -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

                            Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS'
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Bee Ready Fishbein Hatter & Donovan, LLP
By: Andrew K. Preston
170 Old Country Road, Suite 200
Mineola, New York 11501
(516) 746-5599
Attorney for Defendants

## **TABLE OF CONTENTS**

Table of Authorities ......................................................................................................................... ii

Preliminary Statement ..................................................................................................................... 1

Procedural History .......................................................................................................................... 1

Statement of Facts........................................................................................................................... 3

Standard of Review......................................................................................................................... 3

Argument ........................................................................................................................................ 4

Conclusion ...................................................................................................................................... 12

i

## <u>TABLE OF AUTHORITIES</u>

*Celotex Corp v. Catrett,* 477 U.S. 317 (1986)....................................................................3

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ....................................................3

*Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118 (2d Cir. 1990)* ............................3

*Scotto v. Almenas,* 143 F.3d 105 (2d Cir. 1998)................................................................3

*Page. V. Breslin,* 2004 U.S. Dist. LEXIS 25056, *6 (ED.N.Y. 2004) ................................4

*Sloane v. Mazzuca,* 2006 U.S. Dist. LEXIS 79817 (S.D.N.Y. 2006)..................................4

*Howard v. City of New York,* 2006 U.S. Dist. LEXIS 63426 (S.D.N.Y. 2006) ....................4

*Burks v. Nassau County Sheriff's Dept.,* 288 F. Supp. 2d 298 (E.D.N.Y. 2003)................4

*Sykes v. James, 13 F.3d 515 (2d Cir. 1993)* ......................................................................5

*Thompson v. Fay,* 197 F. Supp. 855 (S.D.N.Y. 1961)........................................................5

*Prince v. Johnston,* 334 U.S. 266 (1948)............................................................................5

*Procunier v. Martinez, 415 U.S. 396 (1974)* ......................................................................6

*Christopher v. Harbury,* 536 U.S. 403 (2002)....................................................................6

*Argentine v. McGinnis,* 311 F. Supp. 134 (S.D.N.Y. 1969)................................................6

*Turner v. Safley,* 482 U.S. 78 (1987)..................................................................................6

*Lewis v. Casey,* 518 U.S. 343 (1996) ................................................................................7

*Waters v. Sunshine,* 2009 U.S. Dist. LEXIS 22445 (E.D.N.Y. 2009) ................................8

*Daniels v. Williams,* 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ....................9

*Martinez v. California,* 444 U.S. 277 (1980) ......................................................................10

*Bryan County v. Brown,* 520 U.S. 397 (1997) ....................................................................10

*Monell v. NYC Dept. of Social Service,* 436 U.S. 658 (1978)............................................10

*City of Canton v. Harris, 489 U.S. 378 (1989)* ..................................................................10

*Mount Healthy City Sch. Dist. Bd of Educ. v. Doyle,* 429 U.S. 274 (1977)........................10

*Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004)........................................................10

*Dawes v. Walker,* 239 F.3d 489 (2d Cir. 2001) ..................................................................10

*John v. N.Y. Dep't of Corr.,* 130 Fed. Appx. 506 (2d Cir. 2005) ......................................11

*Britt v. Garcia,* 457 F.3d 264 (2d Cir. 2006) ....................................................................11

*Webb. V. Goord, 340 F.3d 105 (2d Cir. 2003)* ..................................................................12

*Wong v. Yoo,* 2009 U.S. Dis. LEXIS 73067, #40 (E.D.N.Y. 2009)....................................12

## PRELIMINARY STATEMENT

Plaintiff brings this suit alleging deprivation of Federal Civil Rights, False Arrest, Failure to Intervene, Excessive Force, Equal Protection, Assault and Battery, Respondeat Superior, Negligence, Negligent Hiring and Retention, False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, and violations of Article 1, Section 12 of the New York State Constitution, and Defamation stemming from Plaintiff's arrest on May 6, 2013.

However, the record is devoid of any evidence indicating that Plaintiff's Constitutional Rights were violated by the Defendants.  On the contrary, the evidence conclusively shows that there was probable cause for Plaintiff's arrest.

Accordingly, the Defendants submit this Memorandum of Law in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff's claims should be dismissed for a number of reasons.  First, Plaintiff's claims of false arrest, assault, battery, negligence, negligent hiring and retention, respondeat superior, and deprivation of federal and state civil rights must all fail because the Defendants possessed probable cause to arrest the Plaintiff. Second, Plaintiff's claims of excessive force must fail because Plaintiff admits that no force was used.

## PROCEDURAL HISTORY

The procedural history has been fully set forth in Defendants' Statement of Material Facts pursuant to Rule 56.1 ("56.1 Statement").

## STATEMENT OF FACTS

All facts upon which Defendants are relying have been fully set forth in Defendants' 56.1 Statement

## <u>STANDARD OF REVIEW</u>

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper if no genuine issue of material fact can be found in the pleadings, depositions, admissions or affidavits such that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). "When the movant demonstrates through competent evidence that no material facts are genuinely in dispute, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quoting Fed.R.Civ.P. 56(e)). The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *See id.*; *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998).  In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers and depositions in favor of that party.  *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).

Because no genuine issue of material fact can be found in the pleadings, depositions, admissions or affidavits in this lawsuit, the Defendants respectfully request that the Court grant their motion for judgment as a matter of law.

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 SHOULD BE DISMISSED BECAUSE PROBABLE CAUSE FOR PLAINTIFF'S ARREST EXISTED

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983; *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Claims for false arrest, false imprisonment or malicious prosecution brought under § 1983 alleging the violation of Fourth Amendment rights to be free from unreasonable search and seizure are "substantially the same" as for false arrest and malicious prosecution under state law. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). As is demonstrated below, Plaintiff has failed to establish that she was falsely arrested, or falsely detained in violation of the United States Constitution.

Plaintiff brings claims against the Defendants alleging Plaintiff was falsely arrested by Defendants without probable cause to do so in violation of Plaintiff's "First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America". *See Complaint, Paragraph 52, 57, 59.* Because probable cause to arrest and confine Plaintiff existed, her false arrest and false imprisonment claims must fail.

False arrest and false imprisonment claims are analogous because the elements of both are the same under New York Law. *See Wallace v. Kato*, 05-1240, 2007 U.S. LEXIS 2650, at *10 (2007); *see also Murray v. Williams*, 05 Civ. 9438, 2007 U.S. Dist. LEXIS 11321, at *(S.D.N.Y. 2007).

In order to state a claim for false arrest or imprisonment, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement; and, (4) the confinement was not otherwise

privileged or justified.  *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1998); *see also Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996); *Brewster v. Nassau County*, 349 F. Supp. 2d 540, 551 (E.D.N.Y. 2004).

Under Section 1983, a false arrest claim cannot be sustained if there was probable cause for the arrest.  *See Singer*, 63 F.3d at 118; *see also Weyant*, 101 F.3d at 852.  Probable cause arises whenever an arresting officer "'has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'"  *Singer,* 63 F.3d at 118 (*quoting O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)); *see also Brewster*, 349 F. Supp. 2d at 551 (*quoting Becker v. Ohio*, 379 U.S. 89, 91 (1964).  It is the Plaintiff's burden to show the absence of probable cause.  *See Sargent v. County of Nassau*, 04-4274, 2007 U.S. Dist. LEXIS 17474, at *15 (E.D.N.Y. 2007).

Probable cause is determined by assessing the totality of the circumstances and "'consider[ing] those facts available to the officer at the time of the arrest and immediately before it.'"  *Maron v. County of Albany*, 166 Fed. Appx. 540, (2d Cir. 2006) (*quoting Lowth v. Cheektowaga*, 82 F.3d 563, 569 (2nd Cir. 1996)); *Sargent*, 2007 U.S. Dist. LEXIS 17474, at *15-*16; *Brewster*, 349 F. Supp. 2d at 551.

It is established law that "probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Mazurkiewicz v. New York City Transit Authority*, 810 F.Supp. 563 (S.D.N.Y. 1993) *quoting Calamia v. New York*, 879 F.2d 1025, 1032 (2d. Cir. 1989).

Whether probable cause to arrest exists is a question law that need not be submitted to a jury. *Calamia*, 879 F.2d at 1033.  It can be decided by analyzing the undisputed facts available to the

arresting officer. "For the purpose of determining the lawfulness of an arrest, probable cause encompasses only that information available to the arresting official prior to and including the point of seizure." *Mazurkiewicz*, 810 F.Supp. at 568 *citing* <u>W</u>arren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990).

On May 6, 2013, Plaintiff boarded the 6:04 PM eastbound train departing from Atlantic Terminal. *(56.1 Statement ¶22)*. She was going home from work, on a busy rush hour train during peak hours, and this was her usual way of going home. *(56.1 Statement ¶23-24, 28).*Plaintiff had intended to purchase a ticket for the ride *(56.1 Statement ¶25)*. Because Plaintiff knew that the spouse pass she held by virtue of her husband's employment with the LIRR did not entitle her to transportation to or from work, she had intended to purchase a ticket. *(56.1 Statement ¶62, 58)*.

However, she did not do so. *(56.1 Statement ¶25)*. When Defendant LIRR Assistant Conductor Jonathan Mancini announced "tickets please", Plaintiff did not show a ticket, nor did she ask to purchase one from the conductor. *(56.1 Statement ¶29)*. Rather, Plaintiff flashed her spouse pass for an insufficient period of time for it to be inspected by Mancini *(56.1 Statement ¶30-34)*. Mancini requested to see the pass again, which request resulted in the same response by Plaintiff. *Id.* Mancini then warned Plaintiff that he would have to get a supervisor and the police involved, as he is required to do if a passenger does not pay her fare or produce a valid pass. *(56.1 Statement ¶35)*. It is undisputed that Mancini then told police officers that he was unable to verify the validity of Plaintiff's pass. *(56.1 Statement ¶43)*.

New York Penal Law §165.15 provides that

> A person is guilty of theft of services when:
> …
> 2. With intent to obtain railroad, subway, bus, air, taxi or any other public transportation service without payment of the lawful charge therefor, or to avoid payment of the lawful charge for such transportation service which has been rendered to him, he obtains

> or attempts to obtain such service or avoids or attempts to avoid
> payment therefor by force, intimidation, stealth, deception or
> mechanical tampering, or by unjustifiable failure or refusal to pay.

The evidence and exhibits demonstrate that Plaintiff was attempting to avoid payment for the fare of the train by attempting to stealthily "flash" her pass. However, even if Plaintiff had displayed the pass for long enough for the conductor to adequately assess its validity, she would still be guilty of theft of services, as the front of the pass specifically stated in bold, capitalized writing in contrasting colors: "**NOT VALID FOR DAILY COMMUTE**". *(56.1 Statement ¶62).* Moreover, Plaintiff knew that she was not entitled to use the spouse pass in this instance, which is why she testified that she had intended to purchase a valid ticket. *(56.1 Statement ¶25, 58).* Plaintiff's claims alleging false arrest cannot be sustained because Defendants had probable cause to arrest Plaintiff for theft of services. *See Simpson v. City of New York*, 12-cv-6755, 2015 WL 2359251 (S.D.N.Y. 2013). Defendants respectfully request that the Court dismiss Plaintiff's false arrest claim.

## POINT 2

### PLAINTIFF'S CLAIMS OF EXCESSIVE FORCE MUST BE DISMISSED

To establish an excessive force case against a police officer under § 1983, a plaintiff must prove (i) personal involvement of the defendant officer(s); and (ii) use of force that was excessive under the Fourth Amendment. *Graham v. Conor*, 490 U.S. 386, 397 (1989). *Graham* established an objective standard for determining excessive force, rejecting any issue of the officer's state of mind in employing the force. To assess whether a particular use of force was "objectively reasonable," *Graham* offered the following factors: (i) the severity of the crime at issue; (ii) whether the suspect poses an immediate threat to the safety of the officers or others; and (iii) whether the suspect is actively resisting arrest or attempt to evade arrest by flight. *Id.*

Under this standard, good faith is irrelevant, as is malicious intent. *Bringham City v. Stuart,* 547 U.S. 398, 404 (2006).  The reasonableness of the force used must be measured "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Landy v. Irizarry*, 884 F.Supp 788, 797 (S.D.N.Y. 1994). Plaintiff must further demonstrate he sustained a physical injury as a result of the alleged excessive force in order to prevail. *Landy*, *supra* at 797.

The Record here is devoid of any testimony regarding the use of excessive force in effectuating the arrest of Plaintiff. During Plaintiff's examination under oath held pursuant to NY General Municipal Law § 50-h, a transcript of which is annexed to the Declaration of Andrew K. Preston as Exhibit C, Plaintiff was asked "as a result of this incident, were you physically injured in any way?" Plaintiff's response was "physically, no."  Plaintiff is accordingly unable to demonstrate that she sustained a physical injury, as is required by *Landy*, *supra,* and her claim of excessive force must be dismissed.

### POINT 3

### PLAINTIFF'S ASSAULT AND BATTERY CLAIMS MUST BE DISMISSED

State-law claims for excessive force and assault and battery against police officers are judged against the objective reasonableness standards of the Fourth Amendment. *Cosby v. City of White Plains*, 2007 U.S. Dist. LEXIS 23770, at *17-18 (S.D.N.Y. Feb. 9, 2007) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991)). Accordingly, Plaintiff's State law claims for assault and battery must be dismissed for the same reasons as her claim of excessive force must be dismissed.

## POINT 4

## PLAINTIFF'S NEGLIGENCE CLAIMS MUST BE DISMISSED

To the extent that Plaintiff has properly alleged a negligence claim, it should be dismissed because Plaintiff improperly seeks to recover against the Defendants for their alleged breach of duty relating to Plaintiff's arrest. It is well established that, "a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *See Rheingold v. Harrison Police Dep't*, 568 F.Supp.2d 384, 395, fn 3. (S.D.N.Y. 2008).

Where, as here, a plaintiff seeks damages resulting from an allegedly wrongful arrest and detention, the plaintiff is relegated to the traditional remedies of false arrest and imprisonment, and cannot assert negligence claims based on the same alleged conduct. *Secard v. Dept. of Soc.l Servs. of the County of Nassau*, 204 A.D.2d 425, 427, 612 N.Y.S.2d 167, 168 (2d Dep't 1994); *Higgins v. City of Oneonta*, 208 A.D.2d 1067, 1069, 617 N.Y.S.2d 566, 568 (3d Dep't 1994). Similarly, once a plaintiff asserts that a police officer intentionally subjected him to excessive force, the appropriate claim is excessive force under the Fourth Amendment, not negligence. *Smith v. County of Erie*, 295 A.D.2d 1010, 1011, 743 N.Y.S.2d 649, 650 (4th Dep't 2002); *see also Kirk v. The Metropolitan Trans. Auth.*, 2001 U.S. Dist. LEXIS 2786, at *33-34 (S.D.N.Y. March 14, 2001).

Here, Plaintiff alleges that the police officers intentionally detained her and intentionally used excessive force. Accordingly, Plaintiff's cause of action based in negligence cannot stand and must be dismissed.

## POINT 5

## PLAINTIFF'S CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## MUST BE DISMISSED

A cause of action for intentional infliction of emotional distress consists of four elements: (1) extreme and outrageous conduct; (2) the intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir. 1999); *Howell v. New York Post Co.,* 81 N.Y.2d 115, 121 (Ct. App. 1993) (citations omitted). New York courts have established a high threshold for conduct that is "extreme and outrageous" enough to constitute intentional infliction of emotional distress." *Pepe v. Maklansky,* 67 F. Supp. 2d 186, 187 (S.D.N.Y. 1999) (quoting *Bender v. City of New York,* 78 F.3d 787, 790 (2d Cir. 1996)). Liability is found only "where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell,* 81 N.Y.2d 115; *Martin v. Citibank, N.A.,* 762 F.2d 212, 220 (2d Cir. 1985). "In addition, conduct must be 'intentionally directed at the plaintiff and lack any reasonable justification.'" *Realmuto v. Yellow Freight Sys.,* 712 F. Supp. 287, 289 (E.D.N.Y. 1989) (quoting *Martin,* 762 F.2d at 220).

Moreover, plaintiff has the burden of establishing that she suffered severe emotional distress. *Walentas v. Johnes,* 257 A.D.2d 352, 353, 683 N.Y.S.2d 56, 58 (1st Dept. 1999). A claim for severe emotional distress "must be supported by medical evidence, not the mere recitation of speculative claims." *Walentas,* 257 A.D.2d at 353. It is well-settled that a plaintiff's failure to submit medical evidence or to seek medical attention results in conclusory or speculative allegations that are properly dismissed on summary judgment. *See Singh v. United States,* 03 Civ. 2059 (FM), 2005 U.S.

Dist. LEXIS 1407, at *43 (S.D.N.Y. Feb. 1, 2005) (summary judgment granted where plaintiff submitted no medical evidence and admitted that he never saw a doctor regarding his alleged ailments); *Ishay v. City of New York,* 96 Civ. 5829 (FB), 2000 U.S. Dist. LEXIS 11481, at *17 (E.D.N.Y. Aug. 8, 2000) ("Where a plaintiffs summary judgment submissions contain conclusory and speculative allegations of severe emotional distress, summary judgment is properly granted against the plaintiff").

In the instant case, Plaintiff has failed to meet her burden regarding her claims for intentional infliction of emotional distress. The record is devoid of any evidence that Defendants' behavior was so extreme and outrageous as to "go beyond all bounds of possible decency." *Howell,* 81 N.Y.2d at 118. Accordingly, Plaintiff's claims for intentional infliction of emotional distress must be dismissed.

## POINT 6

### PLAINTIFF CANNOT ESTABLISH MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

In Paragraph 54 of the Amended Complaint, Plaintiff alleges that both the individual as well as the municipal "Defendants, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States".

The liability of municipalities under Section 1983 is controlled primarily by the case of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (holding *respondeat superior* is not a proper ground for rendering municipalities liable under Section 1983 for the constitutional torts of their employees). Section 1983 can be the basis for imposing liability upon a municipality for its own illegal acts, but cannot be used as a means of incorporating doctrines of vicarious liability into Federal law.   *See Monell,* 436 U.S. 658, 692-94, n. 57 (1978); see also

*Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d. Cir. 2007) ("Respondeat superior or vicarious liability will not attach under § 1983.").

A plaintiff who seeks to recover against a municipality under Section 1983 for the actions of its employees must show that the violation of his constitutional rights resulted from a municipal policy, practice, and/or custom. *See Monell*, 436 U.S. at 694; *Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003); *Raphael v. County of Nassau*, 387 F. Supp. 2d 127, 131 (E.D.N.Y. 2005). There must be an affirmative link between the alleged municipal policy, custom and/or practice and the deprivation of the Plaintiff's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Vippolis v. Village of Haverstraw*, 768 F.2d 40 (2d Cir. 1985); *Blyden v. N.Y.P.D.*, 05-cv-4740, 2005 U.S. Dist. LEXIS 35857, at *5 (E.D.N.Y. 2005).

A municipal policy, practice, and/or custom may be proved by direct or circumstantial evidence. *See DeCarlo*, 141 F.3d 56, 61 (2d Cir. 1998); *see also Dwares v. City of N.Y.,* 985 F.2d 94, 100-01 (2d Cir. 1993); *Brewster v. Nassau County*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004). A plaintiff must show that the complained of policy, custom, and/or practice exhibits a deliberate indifference to citizens' rights. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing cases); *see also Dwares*, 985 F.2d at 100-01; *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 400-01 (S.D.N.Y. June 9, 2005). Moreover, before a municipal entity may be found liable, a plaintiff must show that a municipality's policy, custom and/or practice is responsible for the alleged injuries. *See Monell*, 436 U.S. at 694; *see also Mandell*, 316 F.3d at 385; *McLaurin*, 373 F. Supp. 2d at 399.

Mere allegations that a municipality has a policy, custom, and/or practice that violated a plaintiff's rights will be insufficient to hold a municipality liable under Section 1983. *See Dwares*, 985 F.2d at 100; *see also McLaurin*, 373 F. Supp. 2d at 400-01. A policy, custom, and/or practice

11

may also be inferred "where 'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) *quoting Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996).

Plaintiff's complaint does not contain specific factual allegations tending to support the inference that the Defendants' allegedly unconstitutional acts were due to a policy, practice, and/or custom, or that the Defendants failed to properly hire, screen, train, retain, supervise, control, and discipline them.  Instead, Plaintiff relies simply on conclusory allegations.

Moreover, Plaintiff may not base her isolated contact with the Defendants as support for the theory that a municipal policy, practice, and/or custom is responsible for her alleged injuries.  An employee's isolated alleged unconstitutional acts will not form a basis for municipal liability where the incident involved only actors below the policy-making level. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *DeCarlo*, 141 F.3d at 61 (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993); *Williams v. Kuakel*, 06-CV-5990, 2006 U.S. Dist. LEXIS 83194, at *5 (E.D.N.Y. 2006); *Payne v. County of Nassau*, 03-CV-1929, 2005 U.S. Dist. LEXIS 32397, at *9-*10 (E.D.N.Y. 2005); *Raphael v. County of Nassau*, 387 F. Supp. 2d 127, 131 (E.D.N.Y. 2005)*;* Blyden, 05-cv-4740, 2005 U.S. Dist. LEXIS 35857, at *6 (E.D.N.Y. 2005); *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d at 400.  In this case, Plaintiffs' allegations of misconduct involve only LIRR Train Conductors and Police Officers, none of whom are policymakers.  Therefore, Plaintiff's reliance on the facts alleged and the evidence adduced with respect to her own isolated incident do not rise to the level of a municipal liability claim.

Plaintiff has made no showing that the supervision of Metropolitan Transportation Authority Police Officers with respect to making arrests is in any way inadequate.  Police recruits are required to attend and complete a mandatory sixth-month training period at a Police Academy, where they are instructed on proper law enforcement practices, including the laws of arrest.  Plaintiff has not identified a specific deficiency in the Police Department's training program which caused Plaintiff Garris-Rivers' alleged injuries, and relies instead upon the conclusory allegation that the Metropolitan Transportation Authority fails to properly train its officers.  *See Green v. City of New York,* 465 F.3d 65, 81 (2d Cir. 2006).

Accordingly, no rational fact-finder could conclude that the Metropolitan Transportation Authority fails to adequately train its police officers.  *See Raphael*, 387 F. Supp. 2d at 132 (summary judgment granted where "[t]he sole evidence presented by plaintiffs [was] the single incident involving them.  Plaintiff presents no evidence whatsoever regarding a custom or policy, or a lack of training, and they apparently elected to not even depose anyone from the Metropolitan Transportation Authority regarding a custom, policy, or training, including but not limited to supervisors. Nor is Plaintiff able to demonstrate a failure on behalf of the Metropolitan Transportation Authority to properly supervise any individual defendant in this action.  There is simply no showing in the record that anyone in a policymaking position was aware of any alleged constitutional violations being committed by the officers, and consciously chose to ignore them.  *See Amnesty v. Town of W. Hartford*, 361 F.3d, 113, 125 (2d Cir. 2004).  Indeed, no policymaking official had any awareness of such behavior because Defendants never engaged in such unconstitutional conduct.

In sum, Plaintiff's allegations are unsupported by the record, and are insufficient to state a cause of action for municipal liability against the Metropolitan Transportation Authority.  *See City of Canton*, 489 U.S. 378, 385 (1989); *Williams*, 2006 U.S. Dist. LEXIS 83194 at *5; *Payne*, 2005 U.S.

Dist. LEXIS 32397 at *10;   *McLaurin*, 373 F. Supp. 2d at 401.   Accordingly, Plaintiff's complaint fails to state a cause of action with respect to the Metropolitan Transportation Authority's municipal liability.  Accordingly, Defendants request that Plaintiff's municipal liability claims be dismissed as a matter of law.

## POINT 7

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS BUEHLER, WILLETT AND SHEK MUST BE DISMISSED DUE TO LACK OF PERSONAL INVOLVEMENT

It is well settled in the Second Circuit that a defendant's personal involvement in the alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. § 1983.  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) The Second Circuit has defined "personal involvement" in this content to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Plaintiff has named as Defendants Officers Buehler, Willett and Shek. Throughout the course of discovery, no evidence of his personal involvement in the alleged deprivation of Plaintiff's rights has been discovered. Plaintiff has not made any claims, nor has demonstrated, that these Defendants failed to remedy the alleged constitutional violation after learning of it, created an unconstitutional policy, or were grossly negligent in managing subordinates. In light of the fact that these Defendants personal involvement have not been established, Defendants respectfully request that the aforementioned Defendants be dismissed as defendants from this case.

## POINT 8

## PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED

To state a claim for defamation under New York law, a plaintiff must allege (1) a false and defamatory statement of fact, (2) "of and concerning" the plaintiff, (3) the publication of the statements to a third party, and (4) injury to the plaintiff. *Excellus Health Plan, Inc. v. Tran,* 287 F.Supp.2d 167, 173–74 (W.D.N.Y.2003); *Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 61 (2d Cir.1993). While the Second Circuit has abandoned the stringent *in haec verba* standard in defamation cases, to comply with the dictates of Rule 8(a) a plaintiff must still "afford defendant sufficient notice of the communications complained of to enable him to defend himself." *Kelly v. Schmidberger,* 806 F.2d 44, 46 (2d Cir.1986) (internal quotation marks omitted).

Statements made by police officers during an investigation that are germane to the investigation are protected by qualified privilege, even if erroneous. *Lee v. City of Rochester,* 254 A.D.2d 790, 677 N.Y.S.2d 848 (4th Dep't 1998). In order to overcome this privilege, plaintiff must demonstrate that defendant acted with malice. *Schuss v. William Penn Life Ins. Co. of New York,* 188 A.D.2d 456, 590 N.Y.S.2d 539 (1992); *Lee,* 254 A.D.2d 790, 677 N.Y.S.2d 848 (citing *Kaplan v. MacNamara,* 116 A.D.2d 626, 627, 497 N.Y.S.2d 710 (2d Dep't 1986)). Plaintiff may not rely on falsity alone to raise an inference of malice; the false statement must be consistent with an intent to injure plaintiff. *Lee,* 254 A.D.2d 790, 677 N.Y.S.2d 848 (citing *Shapiro v. Health Plan of Greater New York,* 7 N.Y.2d 56, 61, 194 N.Y.S.2d 509, 163 N.E.2d 333 (1959)).

Here, Plaintiff alleges at paragraph 126 of the amended complaint that "Defendants falsely stated that Plaintiff did not show a valid ticket to one or more of the Individual Defendants". Plaintiff's failure to show a boarding pass is precisely the issue for which she was arrested, and is therefore "germane to the investigation". Furthermore, Plaintiff has failed to raise an inference of

malice in her claim of defamation, and furthermore has not satisfied the pleading rules of Fed. R. Civ. P. 8. Accordingly, Plaintiff's claim of defamation must be dismissed.

## POINT 9

## PLAINTIFF'S CLAIM OF VIOLATIONS OF ARTICLE I §12 OF THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED

A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996).  Accordingly, Defendants contend that Plaintiff's Claim of Violations of the New York State Constitution must be dismissed for the same reasons that Plaintiff's claim brought under 42 U.S.C §1983 must be dismissed as discussed herein.

## POINT 10

## QUALIFIED IMMUNITY IMMUNIZES ALL INIDVIDUALLY NAMED DEFENDANTS

Qualified immunity is not a defense to liability, but rather immunity from a lawsuit.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Loria v. Gorman*, 306 F.3d at 1281.  Government officials performing discretionary functions are entitled to qualified immunity from civil damages liability as long as their conduct did not violate clearly established constitutional rights, or it was objectively reasonable for such government officials to believe that their acts did not violate those rights.  *See*, *e.g.*, *Anderson v. Creighton,* 483 U.S. 635, 638-39 (1987) (internal citations omitted); *Loria*, 306 F.3d 1271 at 1281; *Danielak v. City of New York*, 02-CV-2349, 2005 U.S. Dist LEXIS 40901, at *25-*26 (E.D.N.Y. 2005).  If the Court determines that a government official's conduct did not violate a constitutional right, no further inquiry is needed and the government official is entitled to qualified immunity.  *Loria*, 306 F.3d at 1281. However, if the Court determines that the government official's actions violated a constitutional right, then the Court must decide whether the

constitutional right was clearly established at the time of the alleged violation.  *See Loria*, 306 F.3d at 1281.  The standard is one of objective reasonableness.  *See Anderson,* 483 U.S. at 639; *Loria*, 306 F.3d at 1282; *Danielak*, 2005 U.S. Dist LEXIS, at *26.*

The availability of the "qualified immunity" defense depends on whether a reasonable government official could have believed his action to be lawful, in light of clearly established law and the information possessed.  *See Anderson,* 483 U.S. at 641; *Hunter v. Bryant*, 502 U.S. at 227 ("where the [government official] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed [] years after the fact."); *Loria*, 306 F.3d at 1281; *Danielak*, 2005 U.S. Dist LEXIS 40901, at *27-*29.  A government official is entitled to qualified immunity if he reasonably believed that his actions did not violate the plaintiff's rights, even if that belief was mistaken.  *See Anderson,* 483 U.S. at 641 (remanded to determine whether FBI agents could have believed that warrantless search of a home comported with the constitution, even though it did not); *Hunter*, 502 U.S. at 227-29 (finding that the Federal agents were "entitled to qualified immunity because their decision was reasonable, even if mistaken."); *Loria*, 306 F.3d at 1282; *Danielak*, 2005 U.S. Dist LEXIS, at * 28-29.

Plaintiff's arrest was predicated upon Defendant Mancini's objectively reasonable attempt to ensure that Plaintiff was in possession of a valid train pass. In fact, Plaintiff was not in possession of a valid train pass, as explained further herein. Further, probable cause existed for Plaintiff's arrest. It was objectively reasonable for police officers to believe that Plaintiff had committed the offense of theft of services as Mancini described it to them, as well as in light of their own observations. *See Simpson v. City of New York*, 12-cv-6755, 2015 WL 2359251 (S.D.N.Y. 2013). Accordingly, based upon the totality of the facts and circumstances, there was a reasonable basis to arrest the Plaintiff.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 56, the Court issue an order granting the Defendants summary judgment and directing that all the claims in the Plaintiff's complaint be dismissed with prejudice, along with such other relief as the Court deems just and proper.

Dated: Mineola, New York
      June 1, 2015

                          Respectfully yours,
                          **BEE READY FISHBEIN**
                          **HATTER & DONOVAN, LLP**

By:         _____/S/_____
                          Andrew K. Preston (AP-5857)
                          *Attorneys for Defendants*
                          170 Old Country Road, Ste. 200
                          Mineola, New York  11501
                          T. 516-746-5599 – F. 516-746-1045
                          File No.: 6178-1307

**TO:**   **STECKLOW COHEN & THOMPSON**
       By: **DAVID A. THOMPSON (DT 3991)**
      *Attorneys for Plaintiff*
      10 Spring Street, Suite 1
      New York, New York  10012
      T. 212-566-8000 – F. 212-202-4952