UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAMIKO GARRIS-RIVERS,　　　　　　　　　　　　Index No. 13-cv-9034(GBD)(RLE)

　　　　　　　　　　Plaintiff,

　　　-against-　　　　　　　　　　　　　　　　**STATEMENT OF MATERIAL FACTS PURSUANT TO RULE 56.1**

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

　　　　　　　　　　Defendants.
------------------------------------------------------------------X
S I R S :

　　　　Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY, THE METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, THE LONG ISLAND RAIL ROAD, MTAPD POLICE OFFICER ELOISE BRODERICK, MTAPD POLICE OFFICER GREG BUEHLER, MTAPD POLICE OFFICER CHRIS MCDERMOTT, MTAPD POLICE OFFICER JOUAN OLIVARES, MTAPD POLICE OFFICER ROBERT RAU, MTAPD POLICE OFFICER MATTHEW REILLY, MTAPD POLICE OFFICER MICHAEL HAGGERTY, MTAPD POLICE OFFICER SHEK, MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT", LIRR EMPLOYEE

BENJAMIN GARDNER, and LIRR EMPLOYEE JOHN MANCINI, by their attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, by the undersigned counsel, submit this statement of material facts pursuant to Local Rule 56.1, as to which they contend there is no genuine issue of material fact to be tried.

## THE PARTIES

1. Plaintiff Tamiko Garris-Rivers, is an African-American female and a resident of Suffolk County, New York. DE#1, Paragraph 7.

2. Plaintiff's husband, John Rivers, is an employee of the Long Island Railroad. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff, Page 71.*.

3. Defendants Metropolitan Transportation Authority, and Long Island Railroad are public benefit corporations organized and existing under the laws of the State of New York.

4. Defendant Metropolitan Transportation Authority Police Department is a Police Department operated by the Metropolitan Transportation Authority.

5. Defendant Benjamin Gardner is an employee of the Long Island Railroad.

6. Defendant Jonathan Mancini is an employee of the Long Island Railroad.

7. Defendant Police Officer Michael Haggerty is an employee of the Metropolitan Transportation Authority Police Department.

8. Defendant Police Officer Matthew Reilly is an employee of the Metropolitan Transportation Authority Police Department.

9. Defendant Police Officer Robert Rau is an employee of the Metropolitan Transportation Authority Police Department.

10. Defendant Police Officer Greg Buehler is an employee of the Metropolitan Transportation Authority Police Department.

11. Defendant Police Officer Chris McDermott is an employee of the Metropolitan Transportation Authority Police Department.

12. Defendant Police Officer Jouan Olivares is an employee of the Metropolitan Transportation Authority Police Department.

## PROCEDURAL HISTORY

13. Plaintiff filed a Notice of Claim with the office of the M.T.A. General Counsel on May 14, 2013. *Exhibit A Annexed to Andrew K. Preston's Declaration, Notice of Claim.*

14. An examination under oath of Plaintiff pursuant to New York General Municipal Law §50-H was held on September 19, 2013. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff.*

15. Plaintiff filed a Summons and Complaint commencing the instant action on December 20, 2013. DE#1.

16. Defendants filed an Answer to the Complaint on January 9, 2014. DE#5.

17. Plaintiff filed an Amended Complaint on May 13, 2014. DE#18.

18. Defendants filed an Answer to the Amended Complaint on May 29, 2014. DE#52.

19. On March 3, 2015 Your Honor set out a briefing schedule for the instant application.

20. On April 9, 2015 Your Honor granted the parties joint request to extend the briefing schedule for the instant application.

## THE FACTS

21. On the date of the incident, Plaintiff was employed by Waterton Residential New York, located at 225 Schermerhorn Street in Brooklyn New York. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 7.

22. On May 6, 2013, Plaintiff boarded the 6:04PM eastbound Long Island Railroad train departing from Atlantic Terminal. *Exhibit B Annexed to Andrew K. Preston's Declaration, Correspondence from Plaintiff to MTA.*

23. Plaintiff was intending to head home. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 7-8.

24. Plaintiff's usual commute to work was by train. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 8.

25. On the date of the incident, Plaintiff intended to purchase a ticket, but did not. *Exhibit D Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Plaintiff* page 35.

26. After the train departed from Atlantic Terminal while the train was still in the tunnel, a conductor asked Plaintiff for her ticket. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 10, 14.

27. Defendant LIRR Assistant Conductor Jonathan Mancini was working on the train, and was responsible for collecting fares that day. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini.*

28. The train that Plaintiff was riding at 6:04 PM on a Monday was a peak train, during rush hour, and was crowded. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 27.*

29. In response to the request for a ticket, Plaintiff did not produce a ticket. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 10.

30. Rather than produce a ticket, Plaintiff produced a spouse pass. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 10.

31. When Plaintiff produced her spouse pass, Mancini was unable to verify whether or not it was valid for travel because Plaintiff showed it too quickly. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 44*

32. Mancini then asked to see the pass again, whereupon Plaintiff flashed the pass again. *Id.*

33. Mancini requested to see the pass a third time, whereupon Plaintiff refused to show the pass. *Id.*

34. At no time did Plaintiff physically hand the pass to Mancini. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Plaintiff, Page 44; Also see Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 53.*

35. Mancini then warned Plaintiff that he would have to get a supervisor and the Police involved if she did not allow him to inspect the pass to ensure that it was valid. *Id.* also see *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 17.

36. Mancini is required to alert the police and a supervisor if someone does not pay the correct fare. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 46.*

37. Plaintiff had not purchased a ticket for that day's travel home from work. *Exhibit D Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Plaintiff page 34.*

38. Mancini understood that Plaintiff had failed to produce a valid ticket, and that Plaintiff was yelling. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 48.*

39. Assistant Conductor Mancini told the conductor of that train, Elaine Ryans, that Plaintiff did not produce a valid ticket, and asked her to call the movement bureau to report the incident. *Id., Page 50.*

40. The Police Officers stationed at Jamaica Station received notice of a possible fare dispute on board the 6:04 train. *Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 14.*

41. The Police Officers arrived at the track as the train was pulling into the station. *Id.*

42. When the train arrived at Jamaica Station, Mancini explained the situation to supervisor Ben Gardiner and the Police *Id., Page 16. See also Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 53.*

43. Mancini also told the Police Officers that he had not been able to inspect Plaintiff's train pass. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff at Page 21; See also Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 17.*

44. Officer Rau knew that sometimes people use false passes, and believed that Mancini wanted to ensure that Plaintiff had a legitimate pass. *Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 17-18. Also see Exhibit K, Thirteen MTA Internal Newsletters which discuss the problem of fraudulent tickets on the LIRR.*

45. Mancini approached the Plaintiff with three MTA police officers. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 20.

46. Supervisor Gardiner then approached Plaintiff with the Defendant Police Officers. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 58.*

47. Officer Rau then asked Plaintiff to show the pass to the conductor, but she refused to show the pass for a period of time long enough for Officer Rau to adequately inspect it. *Id. also see Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 22. *Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 20.*

48. Plaintiff was yelling on the train, and creating a disturbance audible to all passengers in the car. *Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 23.*

49. Plaintiff then exited the train. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 24. *See Also Exhibit L Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Matthew Reilly, Page 18.*

50. At the point in time Plaintiff got off the train, the only physical contact that Plaintiff alleges occurred was when the conductor woke Plaintiff to check her credentials. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 25. Plaintiff described this contact as "just [a] tap, what they normally do". *Id.*

51. Assistant Conductor Mancini remained on the train, and it departed Jamaica Station shortly after Plaintiff left. *Exhibit H Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Jonathan Mancini at Page 61.*

52. Once off the train, a supervisor and three Police Officers followed Plaintiff onto the Platform at Jamaica Station. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 28.

53. While on the Platform, Plaintiff was advised that she was under arrest for theft of service and disorderly conduct, whereupon Plaintiff was handcuffed and walked to the MTA Police Precinct inside Jamaica Station. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff page 31-33. Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 29*

54. Plaintiff was placed in a holding cell before being processed and then escorted to central booking. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 35, 42.

55. Officer Rau suggested the charges of theft of services and disorderly conduct to the Assistant District Attorney assigned to the case because Plaintiff did not show a valid ticket, and created a disturbance on the train. *Exhibit J Annexed to Andrew K. Preston's Declaration, Transcript of Deposition of Robert Rau, Page 37*.

56. Plaintiff was informed that evening that she would not be charged with theft of services. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 51.

57. The following morning, Plaintiff appeared before a Judge and all charges were dismissed, and Plaintiff did not make any future appearances in court in connection with the summonses issued on the date of the incident. *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 52.

58. Both before and after the incident in question, Plaintiff paid for regular LIRR tickets for her travel to and from work because "you can't use [the spouse pass] every day". *Exhibit C Annexed to Andrew K. Preston's Declaration, Transcript of GML 50-H Examination of Plaintiff* page 58.

## METROPOLITAN TRANSPORTATION AUTHORITY LONG ISLAND RAILROAD POLICIES

59. The Metropolitan Transportation Authority's Corporate Policy and Procedure section OOS-001 establishes the process of issuance and usage of MTA LIRR spouse passes. *Exhibit F Annexed to Andrew K. Preston's Declaration, MTA Corporate Policy & Procedure*.

60. MTA Corporate Policy and Procedure section OOS-001Subsection V(A)(1) provides that: These Passes are **NOT** to be used for the purpose of daily commutation to a place of employment. *Id (emphasis in original).*

61. MTA Corporate Policy and Procedure section OOS-001 Attachment C provides that: "The Pass will be lawfully used and is **NOT** valid for transportation in connection with outside employment". *Id.*

62. Printed on the front of Plaintiff's MTA spouse pass in bold, capitalized writing in contrasting colors are the words: "**NOT VALID FOR DAILY COMMUTE".** *Exhibit E Annexed to Andrew K. Preston's Declaration, at page 18, Copy of Plaintiff's Transportation Pass Vouchered at arrest*.

63. The back of Plaintiff's MTA spouse pass bears the words: "THIS PASS IS NON-TRANSFERABLE AND MUST BE DISPLAYED OR SURRENDERED UPON DEMAND. USER RELEASES THE LIRR FROM ANY LIABILITY FOR INJURY, DEATH OR DAMAGES ARISING IN CONNECTION WITH THE USE OF THIS PASS. ALL

9

PASSHOLDERS MUST SURRENDER THEIR SEATS IF SEATS ARE UNAVAILABLE TO REVENUE-PAYING CUSTOMERS. USE OF THIS PASS IS SUBJECT TO LIRR CORPORATE POLICY AND CONDITIONS OF USE." *Exhibit G Annexed to Andrew K. Preston's Declaration, Copy of back of Plaintiff's Transportation Pass.*

Dated: Mineola, New York
June 1, 2015

                                              Respectfully yours,
                                              **BEE READY FISHBEIN**
                                              **HATTER & DONOVAN, LLP**

                               By:        /S/
                                              Andrew K. Preston (AP-5857)
                                              *Attorneys for Defendants*
                                              170 Old Country Road, Ste. 200
                                              Mineola, New York  11501
                                              T. 516-746-5599 – F. 516-746-1045
                                              File No.: 6178-1307


TO:    **STECKLOW COHEN & THOMPSON**
          By: **DAVID A. THOMPSON (DT 3991)**
          *Attorneys for Plaintiff*
          10 Spring Street, Suite 1
          New York, New York  10012
          T. 212-566-8000 – F. 212-202-4952