IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

TAMIKO GARRIS-RIVERS,

                PLAINTIFF,

-against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLET",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI.

                DEFENDANTS.

INDEX NO.
13cv9034
(GBD) (RLE)

ECF CASE

FIRST AMENDED
COMPLAINT
JURY TRIAL
DEMANDED

---

Plaintiff TAMIKO GARRIS-RIVERS, by her attorneys, STECKLOW COHEN & THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff Tamiko Garris-Rivers brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

1

2. On May 6, 2013, Plaintiff was lawfully riding a Long Island Rail Road train as a passenger. Without cause or justification, Plaintiff was walked off of the train, handcuffed, arrested, and transported to a police precinct. Plaintiff was charged with offenses that she did not commit. Plaintiff spent approximately twenty-four (24) hours in the Defendants' custody before being released. All charges against Plaintiff were adjourned in contemplation of dismissal following Plaintiff's arraignment, then dismissed and sealed on or around November 6, 2013.

## II. JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff Tamiko Garris-Rivers further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts.

## III. VENUE

5. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 (b)(1) because the Defendants are residents of this district pursuant to 28 U.S.C. § 1391(c)(2).

## IV. JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## COMPLIANCE WITH GENERAL MUNICIPAL LAW § 50-I

7. Plaintiff has complied with all relevant provisions of General Municipal Law §50 in providing notice to Defendants the Metropolitan Transportation Authority, and Defendant The Long Island Rail Road.

## V. THE PARTIES

8. Plaintiff Tamiko Garris-Rivers is an African-American female and a resident of Suffolk County, New York.

9. Defendant the Metropolitan Transportation Authority ("the MTA") is a public benefit corporation organized under the laws of the State of New York.

10. At all times relevant herein, Defendant the Metropolitan Transportation Authority operated, controlled, managed, and maintained a police force known as the Metropolitan Transit Authority Police Department ("the MTAPD")

11. At all times relevant herein, Defendant the MTAPD was a subdivision, constituent department, or agency of Defendant the MTA.

12. At all times relevant herein, Defendant the MTA provided and maintained Defendant the MTAPD as an authority police department and a unformed authority police for all MTA owned, occupied, and/or operated facilities, and those of its subsidiary corporations.

13. Defendant The Long Island Rail Road ("the LIRR") is a municipal corporation organized under the laws of the State of New York, and is a subsidiary of the MTA.

14. That at all times hereinafter mentioned, the Defendant MTAPD POLICE OFFICER ELOISE BRODERICK (Shield No. 2302), was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

15. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER GREG BUEHLER was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

16. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER CHRIS MCDERMOTT was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

17. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER JOUAN OLIVARES (Shield No. 2543) was acting under color of state law and/or in

3

compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

18. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER ROBERT RAU (Shield No. 2330) was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

19. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER MATTHEW REILLY (Shield No. 2458) was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTPAD, and the LIRR.

20. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER MICHAEL HAGGERTY (Shield No. 2331) was acting under color or state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

21. That at all times hereinafter mentioned, Defendant MTAPD Police Officer Shek (Shield No. 2353) was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA, the MTAPD, and the LIRR.

22. That at all times hereinafter mentioned, Defendant MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLET" was acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA and the LIRR.

23. Plaintiff will amend this complaint to name MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLET" when his identity can be established to a reasonable certainty.

24. Defendant MTAPD POLICE OFFICER MICHAEL HAGGERTY, MTAPD POLICE OFFICER MATTHEW REILLY, Defendant MTAPD POLICE OFFICER ROBERT RAU, Defendant MTAPD POLICE OFFICER JOUAN OLIVARES, Defendant MTAPD POLICE OFFICER CHRIS MCDERMOTT, Defendant MTAPD

POLICE OFFICER GREG BUEHLER, Defendant MTAPD POLICE OFFICER ELOISE BRODERICK, Defendant MTPAPD POLICE OFFICER SHEK, and Defendant MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLET" collectively herein will be referred to as, "the Defendant MTAPD POLICE OFFICERS".

25. That at all times hereinafter mentioned, Defendant LIRR EMPLOYEE BENJAMIN GARDNER (Employee Id No. 52038) was working as a Transportation Manager for the LIRR and acting under color of state law and/or in compliance with the customs, usages, and/or practices of the MTA and the LIRR.

26. That at all times hereinafter mentioned, Defendant LIRR EMPLOYEE JOHN MANCINI (Employee Id No. 50648) was working as an Assistant Conductor and acting under color of state law and/or in compliance with the customs, usages and/or practices of the MTA and the LIRR.

27. Defendant LIRR EMPLOYEE JOHN MANCINI and Defendant LIRR EMPLOYEE BENJAMIN GARDNER, collectively herein will be referred to as, "the Defendant LIRR EMPLOYEES".

28. Defendant MTAPD POLICE OFFICER MICHAEL HAGGERTY, MTAPD POLICE OFFICER MATTHEW REILLY, Defendant MTAPD POLICE OFFICER ROBERT RAU, Defendant MTAPD POLICE OFFICER JOUAN OLIVARES, Defendant MTAPD POLICE OFFICER CHRIS MCDERMOTT, Defendant MTAPD POLICE OFFICER GREG BUEHLER, Defendant MTAPD POLICE OFFICER ELOISE BRODERICK, Defendant MTAPD POLICE OFFICER SHEK, Defendant MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLET", Defendant LIRR EMPLOYEE JOHN MANCINI, and Defendant LIRR EMPLOYEE BENJAMIN GARDNER collectively herein will be referred to as, "The Individual Defendants". Plaintiff sues The Individual Defendants in their individual capacities.

29. Each and all of the acts of The Individual Defendants alleged herein were done by said defendants while acting in furtherance and within the scope of their employment by Defendant the MTA and the LIRR.

## VI. FACTS COMMON TO ALL CLAIMS

30. On May 6, 2013, at around 6:00pm, Plaintiff Tamiko Garris-Rivers ("Plaintiff") was seated on an eastbound train of the Long Island Rail Road's Ronkonkoma Line.

31. Upon information and belief, Plaintiff was approached by Defendant LIRR EMPLOYEE JOHN MANCINI.

32. The train was stopped at the Atlantic Terminal station.

33. Upon information and belief, Defendant LIRR EMPLOYEE JOHN MANCINI asked Plaintiff to show a pass that permitted her to board the train.

34. Plaintiff complied, presenting a valid dependent pass entitling Plaintiff to board the train.

35. The train left the Atlantic Terminal Station, and passed the Nostrand Avenue and East New York stops.

36. After the train pulled into the Jamaica Center station, upon information and belief, Defendant LIRR EMPLOYEE BENJAMIN GARDNER approached the Plaintiff.

37. Defendant LIRR EMPLOYEE BENJAMIN GARDNER requested that Plaintiff show her pass once more.

38. Plaintiff complied.

39. At or around this time, some or all of the Defendant MTAPD POLICE OFFICERS, were on board the train, and had approached the Plaintiff while she was still seated on the train.

40. Once more the Plaintiff was asked to show her pass and complied.

41. Nonetheless, Plaintiff was walked off of the train by the Defendant MTAPD POLICE OFFICERS.

42. Plaintiff was handcuffed and held on the train's platform.

43. Some or all of the Defendant MTAPD POLICE OFFICERS walked Plaintiff down the stairs and placed her in a police precinct within the Jamaica Center station.

6

44. Plaintiff was transported to Queens Central Booking.

45. There Plaintiff was detained for approximately twenty-four (24) hours.

46. The Defendants charged Plaintiff with crimes and violations that she did not commit. Those crimes were Obstruction of Governmental Administration in the Second Degree, and Disorderly Conduct, Subsection 2.

47. All charges against Plaintiff were adjourned in contemplation of dismissal following her arraignment, and dismissed approximately six (6) months later.

48. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, out-of-pocket expenses and damage to her reputation and standing within her community.

49. As a result of the foregoing, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

---

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

50. The Plaintiff restates all allegations of this Complaint herein.

51. Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

52. The acts complained of were carried out by The Individual Defendants in their capacities as police officers, servants, and/or employees of Defendant the MTA and/or the LIRR, with all of the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers or employees of the MTA and/or the LIRR, pursuant to the customs, usages, practices, procedures, and the rules of the MTA

7

and/or the LIRR, all under the supervision of ranking officers of said police department and supervisors of said entities.

54. Defendants, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, out-of-pocket expenses and damage to her reputation and standing within her community.

56. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

57. The Plaintiff restates all allegations of this Complaint herein.

58. The Individual Defendants arrested Plaintiff without a warrant.

59. The Individual Defendants arrested Plaintiff without having probable cause to do so.

60. As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer harm.

61. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983
## AGAINST THE INDIVIDUAL DEFENDANTS

62. The Plaintiff restates all allegations of this Complaint herein.

63. Each of The Individual Defendants had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights.

64. Each of The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights, despite having had a realistic opportunity to do so.

65. Each of The Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights, despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by the defendants' affirmative conduct.

66. As a result of the aforementioned conduct of The Individual Defendants, Plaintiff's constitutional rights were violated.

67. As a result, Plaintiff was harmed.

68. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

69. The Plaintiff restates all allegations of this Complaint herein.

70. Some or all of The Individual Defendants handcuffed Plaintiff without probable cause for her arrest.

71. These handcuffs were placed around Plaintiff's wrists too tightly, and for extended periods of time.

72. The level of force employed by The Individual Defendants against Plaintiff was objectively unreasonable.

9

73. The force employed by The Individual Defendants against Plaintiff did not advance any proper government objective.

74. As result, Plaintiff was harmed.

75. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

76. The Plaintiff restates all allegations of this Complaint herein.

77. That at all times described herein, Plaintiff was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

78. The Individual Defendants subjected Plaintiff to assault, battery, use of excessive force, unlawful arrest, and other violations of Plaintiff's Constitutional rights in the manner described herein because they knew that they could do so with impunity.

79. The Individual Defendants' particular acts of subjecting Plaintiff to assault, battery, use of excessive force, unlawful arrests, and other violations of Plaintiff's constitutional rights in the manner described herein, were the result of a perceived ease of charging and prosecuting minority, working-class individuals with crimes and/or violations in order to cover up for constitutionally-violative conduct.

80. The Individual Defendants undertook the particular actions described herein against Plaintiff because Plaintiff is African-American, and therefore The Individual Defendants knew that they could undertake these actions with impunity.

81. As a result of the aforementioned conduct, The Individual Defendants violated Plaintiff's constitutional rights to equal protection under the law.

82. As a result, Plaintiff was harmed.

83. Plaintiff demands compensatory and punitive damages in a sum of money to be

determined at trial, together with attorneys' fees and costs.

## STATE LAW CLAIMS

### SIXTH CLAIM FOR RELIEF

### ASSAULT AND BATTERY AGAINST THE INDIVIDUAL DEFENDANTS

84. The Plaintiff restates all allegations of this Complaint herein.

85. Defendants intentionally threatened imminent, offensive, and harmful contact with Plaintiff.

86. Defendants intentionally made bodily contact with Plaintiff in a manner that was offensive in nature.

87. Defendants made such bodily contact with Plaintiff without Plaintiff's consent.

88. Defendants made such bodily contact with Plaintiff without privilege to do so.

89. As a result, Plaintiff was harmed.

90. The Plaintiff is entitled to compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
### *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY, AND DEFENDANT THE LONG ISLAND RAIL ROAD

91. The Plaintiff restates all allegations of this Complaint herein.

92. The Individual Defendants were at all times acting within the scope of their employment as servants and employees of Defendants the MTA and/or Defendant the LIRR.

93. The actions of The Individual Defendants were generally foreseeable and a

11

natural incident of their employment by Defendants the MTA and/or Defendant the LIRR.

94. As a result of the actions of The Individual Defendants, the Plaintiff was harmed.

95. Defendants the MTA and Defendant the LIRR are liable for the actions of The Individual Defendants.

96. The Plaintiff is entitled to compensatory damages from Defendant the MTA and Defendant the LIRR in an amount to be determined at trial, together with attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

## NEGLIGENCE AGAINST ALL DEFENDANTS

97. The Plaintiff restates all allegations of this Complaint herein.

98. The Individual Defendants, Defendant the MTA, and Defendant the LIRR, by virtue of their operation of a common carrier, owed a duty of care to Plaintiff. They owed a duty to carry Plaintiff safely to her destination.

99. The Individual Defendants, Defendant the MTA, and Defendant the LIRR, as a result of having Plaintiff in their custody, owed a duty to Plaintiff to prevent her from being subjected to assault and battery, and having her constitutional rights violated in the manner described herein.

100. The Individual Defendants, Defendant the MTA, and Defendant the LIRR breached their duties, and were negligent in allowing Plaintiff to be assaulted and battered in the manner described herein.

101. The Individual Defendants', Defendant the MTA's, and Defendant the LIRR's breach of their duties owed to Plaintiff were the direct and proximate cause of Plaintiff's injuries.

102. Plaintiff received both actual and substantial physical and mental injures as a result of The Individual Defendants', Defendant the MTA's, and Defendant the LIRR's breach of their duties owed to Plaintiff.

103. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF

## NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY AND DEFENDANT THE LONG ISLAND RAIL ROAD

104. The Plaintiff restates all allegations of this Complaint herein.

105. Defendant the MTA and Defendant the LIRR failed to use reasonable care in the hiring and retention of their servants and employees who were involved in this incident.

106. Defendant the MTA and Defendant the LIRR failed to use reasonable care in the training and supervision of their servants and employees, permitting and enabling them to engage in the wrongful conduct alleged in this Complaint.

107. As a result, Plaintiff was harmed.

108. The Plaintiff is entitled to compensatory damages from Defendants in an amount to be determined at trial, together with attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF

## FALSE ARREST AND IMPRISONMENT
## AGAINST ALL DEFENDANTS

109. The Plaintiff restates all allegations of this Complaint herein.

110. The Plaintiff was seized and confined by the Defendants, without legal justification.

111. The Plaintiff was aware of her confinement.

112. As a result, the Plaintiff was harmed.

113. The Plaintiff is entitled to compensatory damages from Defendants in an amount to be determined at trial, together with attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. The Plaintiff restates all allegations of this Complaint herein.

115. The Individual Defendants' conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

116. The Individual Defendants' conduct was committed while acting within the scope and in furtherance of their employment with Defendant the MTA and Defendant the LIRR.

117. The Individual Defendants' conduct was intentional, and committed for the sole purpose of causing severe emotional distress to the Plaintiff.

118. As a result of the Individual Defendants' conduct, Plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

119. The Plaintiff is entitled to compensatory damages from Defendants in an amount to be determined at trial, together with attorneys' fees and costs.

## TWELFTH CLAIM FOR RELIEF

## VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION

120. The Plaintiff restates all allegations of this Complaint herein.

121. The Defendants are liable to Plaintiff for violating her right to be free from unreasonable and unlawful searches and seizures under Article I § 12 of the New York State Constitution.

122. The acts and conduct of the agents and employees of the Individual Defendants, Defendant the MTA, and Defendant the LIRR were the direct and proximate cause of the injuries and damages to Plaintiff, and violated her statutory and common law right as guaranteed by the laws and Constitution of the State of New York.

123. The Plaintiff is entitled to compensatory damages from Defendants in an amount

to be determined at trial, together with attorneys' fees and costs.

### THIRTEENTH CLAIM FOR RELIEF

### DEFAMATION

124. The Plaintiff restates all allegations of this Complaint herein.

125. The Individual Defendants made one or more false statements concerning Plaintiff.

126. The Individual Defendants falsely stated that Plaintiff did not show a boarding pass to one or more of the Individual Defendants.

127. These Individual Defendants communicated these statements to a third party, without privilege or authorization to do so.

128. The Individual Defendants communicated these statements maliciously, with the intention to harm Plaintiff.

129. The Individual Defendants communicated these statements recklessly, without regard to the consequences for the Plaintiff that a reasonably prudent person would anticipate that damage to Plaintiff would follow.

130. The Plaintiff suffered special harm as a result of the Individual Defendants' non-privileged or authorized communication of the false statements.

131. The Plaintiff is entitled to compensatory damages from Defendants in an amount to be determined at trial, together with attorneys' fees and costs.

### FOURTEENTH CLAIM FOR RELIEF

### PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS

132. The Plaintiff restates all allegations of this Complaint herein.

133. The actions of The Individual Defendants constituted intentional violations of federal and state law.

134. The actions of The Individual Defendants were motivated by evil motive or

15

intent, or involved reckless or callous indifference to the federally protected rights of the Plaintiff.

135. As a result, the Plaintiff is entitled to an award of punitive damages against each of The Individual Defendants, in an amount to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
MAY 13, 2014

Respectfully submitted,

DAVID A. THOMPSON [DT 3991]
STECKLOW COHEN & THOMPSON
10 SPRING STREET – SUITE 1
New York, New York 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFF

16