IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TAMIKO GARRIS-RIVERS,                         Index No. 13-cv-9034(GBD)(RLE)

                          Plaintiff,

              -against-                         **ANSWER TO FIRST
                                               AMENDED COMPLAINT**

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

                          Defendants.
----------------------------------------------------------------X
S I R S :

      Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY, THE

METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, THE

LONG ISLAND RAIL ROAD, MTAPD POLICE OFFICER ELOISE BRODERICK, MTAPD

POLICE OFFICER GREG BUEHLER, MTAPD POLICE OFFICER CHRIS MCDERMOTT,

MTAPD POLICE OFFICER JOUAN OLIVARES, MTAPD POLICE OFFICER ROBERT

RAU, MTAPD POLICE OFFICER MATTHEW REILLY, MTAPD POLICE OFFICER

MICHAEL HAGGERTY, MTAPD POLICE OFFICER SHEK, MTAPD POLICE OFFICER

"JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT", LIRR EMPLOYEE

BENJAMIN GARDNER, and LIRR EMPLOYEE JOHN MANCINI, by their attorneys, BEE

READY FISHBEIN HATTER & DONOVAN, LLP, as and for their Answer to Plaintiff's First Amended Complaint, set forth as follows:

## I.  PRELIMINARY STATEMENT

1.    Make no response as to Paragraph "1" of the First Amended Complaint, as it contains no statement of fact, and respectfully refer all questions of law to the Court.

2.    Deny each and every allegation contained in Paragraph "2" of the First Amended Complaint.

## II.  JURISDICTION

3.    Make no response as to Paragraph "3" of the First Amended Complaint, as it contains no statement of fact, and repeat and re-allege each and every admission and denial contained in Paragraph "3" of the First Amended Complaint as it relates to paragraphs numbered "1" through "2" with the same force and effect as if fully set forth at length herein.

4.    Make no response as to Paragraph "4" of the First Amended Complaint, as it contains no statement of fact, and repeat and re-allege each and every admission and denial contained in Paragraph "4" of the First Amended Complaint as it relates to paragraphs numbered "1" through "3" with the same force and effect as if fully set forth at length herein.

## III.  VENUE

5.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "5" of the First Amended Complaint.

## IV.  JURY DEMAND

6.    Make no response as to Paragraph "6" of the First Amended Complaint, as it contains no statement of fact, and repeat and re-allege each and every admission and denial

2

contained in Paragraph "6" of the First Amended Complaint as it relates to paragraphs numbered "1" through "5" with the same force and effect as if fully set forth at length herein.

## COMPLIANCE WITH GENERAL MUNICIPAL LAW § 50-I

7.     Make no response as to Paragraph "7" of the First Amended Complaint, as it contains no statement of fact, and repeat and re-allege each and every admission and denial contained in Paragraph "7" of the First Amended Complaint as it relates to paragraphs numbered "1" through "6" with the same force and effect as if fully set forth at length herein.

## V.  THE PARTIES

8.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the First Amended Complaint.

9.     Admit each and every allegation contained in Paragraph "9" of the First Amended Complaint.

10.     Admit each and every allegation contained in Paragraph "10" of the First Amended Complaint.

11.     Admit each and every allegation contained in Paragraph "11" of the First Amended Complaint.

12.     Deny each and every allegation contained in Paragraph "12" of the First Amended Complaint.

13.     Admit each and every allegation contained in Paragraph "13" of the First Amended Complaint.

14.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "14" of the First Amended Complaint.

15.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the First Amended Complaint.

16.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the First Amended Complaint.

17.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the First Amended Complaint.

18.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the First Amended Complaint.

19.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the First Amended Complaint.

20.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the First Amended Complaint.

21.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the First Amended Complaint.

22.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the First Amended Complaint.

23.     Make no response as to Paragraph "23" of the First Amended Complaint, as it contains no statement of fact.

24.     Make no response as to Paragraph "24" of the First Amended Complaint, as it contains no statement of fact.

25.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the First Amended Complaint.

26.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the First Amended Complaint.

27.     Make no response as to Paragraph "27" of the First Amended Complaint, as it contains no statement of fact.

28.     Make no response as to Paragraph "28" of the First Amended Complaint, as it contains no statement of fact.

29.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the First Amended Complaint.

30.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "30" of the First Amended Complaint.

31.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "31" of the First Amended Complaint.

32.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "32" of the First Amended Complaint.

33.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "33" of the First Amended Complaint.

34.     Deny each and every allegation contained in Paragraph "34" of the First Amended Complaint.

35.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "35" of the First Amended Complaint.

36.     Deny each and every allegation contained in Paragraph "36" of the First Amended Complaint.

37.     Deny each and every allegation contained in Paragraph "37" of the First Amended Complaint.

38.     Deny each and every allegation contained in Paragraph "38" of the First Amended Complaint.

39.     Deny each and every allegation contained in Paragraph "39" of the First Amended Complaint.

40.     Deny each and every allegation contained in Paragraph "40" of the First Amended Complaint.

41.     Deny each and every allegation contained in Paragraph "41" of the First Amended Complaint.

42.     Deny each and every allegation contained in Paragraph "42" of the First Amended Complaint.

43.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "43" of the First Amended Complaint.

44.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "44" of the First Amended Complaint.

45.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "45" of the First Amended Complaint.

46.     Deny each and every allegation contained in Paragraph "46" of the First Amended Complaint.

47.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "47" of the First Amended Complaint.

48.     Deny each and every allegation contained in Paragraph "48" of the First Amended Complaint.

49.     Deny each and every allegation contained in Paragraph "48" of the First Amended Complaint.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

50.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "50" as it relates to paragraphs numbered "1" through "49" with the same force and effect as if fully set forth at length herein.

51.     Make no response as to Paragraph "51" of the First Amended Complaint, as it contains no statement of fact and repeat and re-allege each and every admission and denial contained in Paragraph "51" of the First Amended Complaint as it relates to paragraphs numbered "1" through "50" with the same force and effect as if fully set forth at length herein.

52.     Deny each and every allegation contained in Paragraph "52" of the First Amended Complaint.

53.     Deny each and every allegation contained in Paragraph "53" of the First Amended Complaint.

54.     Deny each and every allegation contained in Paragraph "54" of the First Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

55.     Deny each and every allegation contained in Paragraph "55" of the First Amended Complaint.

56.     Make no response as to Paragraph "56" of the First Amended Complaint, as it contains no statement of fact, and respectfully refer all questions of law to the Court.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

57.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "57" as it relates to paragraphs numbered "1" through "56" with the same force and effect as if fully set forth at length herein.

58.     Deny each and every allegation contained in Paragraph "58" of the First Amended Complaint.

59.     Deny each and every allegation contained in Paragraph "59" of the First Amended Complaint.

60.     Deny each and every allegation contained in Paragraph "60" of the First Amended Complaint.

61.     Make no response as to Paragraph "1" of the First Amended Complaint, as it contains no statement of fact.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

62.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "62" as it relates to paragraphs numbered "1" through "61" with the same force and effect as if fully set forth at length herein.

63.     Deny each and every allegation contained in Paragraph "63" of the First Amended Complaint.

64.     Deny each and every allegation contained in Paragraph "64" of the First Amended Complaint.

65.     Deny each and every allegation contained in Paragraph "65" of the First Amended Complaint.

66.     Deny each and every allegation contained in Paragraph "66" of the First Amended Complaint.

67.     Deny each and every allegation contained in Paragraph "67" of the First Amended Complaint.

68.     Make no response as to Paragraph "68" of the First Amended Complaint, as it contains no statement of fact.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

69.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "69" as it relates to paragraphs numbered "1" through "68" with the same force and effect as if fully set forth at length herein.

70.     Deny each and every allegation contained in Paragraph "70" of the First Amended Complaint.

71.     Deny each and every allegation contained in Paragraph "71" of the First Amended Complaint.

72.     Deny each and every allegation contained in Paragraph "72" of the First Amended Complaint.

73.     Deny each and every allegation contained in Paragraph "73" of the First Amended Complaint.

74.     Deny each and every allegation contained in Paragraph "74" of the First Amended Complaint.

75.     Make no response as to Paragraph "1" of the First Amended Complaint, as it contains no statement of fact.

### FIFTH CLAIM FOR RELIEF
### EQUAL PROTECTION UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

76.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "69" as it relates to paragraphs numbered "1" through "68" with the same force and effect as if fully set forth at length herein.

77.     Make no response as to Paragraph "77" of the First Amended Complaint, as it contains no statement of fact.

78.     Deny each and every allegation contained in Paragraph "78" of the First Amended Complaint.

79.     Deny each and every allegation contained in Paragraph "79" of the First Amended Complaint.

80.     Deny each and every allegation contained in Paragraph "80" of the First Amended Complaint.

81.     Deny each and every allegation contained in Paragraph "81" of the First Amended Complaint.

82.     Deny each and every allegation contained in Paragraph "82" of the First Amended Complaint.

83.     Make no response as to Paragraph "83" of the First Amended Complaint, as it contains no statement of fact.

## STATE LAW CLAIMS
## SIXTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY AGAINST THE INDIVIDUAL DEFENDANTS

84.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "84" as it relates to paragraphs numbered "1" through "83" with the same force and effect as if fully set forth at length herein.

85.     Deny each and every allegation contained in Paragraph "85" of the First Amended Complaint.

86.     Deny each and every allegation contained in Paragraph "86" of the First Amended Complaint.

87.     Deny each and every allegation contained in Paragraph "87" of the First Amended Complaint.

88.     Deny each and every allegation contained in Paragraph "88" of the First Amended Complaint.

89.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "89" of the First Amended Complaint.

90.     Make no response as to Paragraph "90" of the First Amended Complaint, as it contains no statement of fact.

## SEVENTH CLAIM FOR RELIEF
## *RESPONDEAT SUPERIOR* AGAINST
## DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY AND
## DEFENDANT THE LONG ISLAND RAIL ROAD

91.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "91" as it relates to paragraphs numbered "1" through "90" with the same force and effect as if fully set forth at length herein.

92.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "92" of the First Amended Complaint.

93.     Deny each and every allegation contained in Paragraph "93" of the First Amended Complaint.

94.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "94" of the First Amended Complaint.

95.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "95" of the First Amended Complaint.

96.     Make no response as to Paragraph "96" of the First Amended Complaint, as it contains no statement of fact.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE AGAINST ALL DEFENDANTS

97.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "97" as it relates to paragraphs numbered "1" through "96" with the same force and effect as if fully set forth at length herein.

98.     Deny each and every allegation contained in Paragraph "98" of the First Amended Complaint.

99.     Deny each and every allegation contained in Paragraph "99" of the First Amended Complaint.

100.     Deny each and every allegation contained in Paragraph "100" of the First Amended Complaint.

101.     Deny each and every allegation contained in Paragraph "101" of the First Amended Complaint.

102.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "102" of the First Amended Complaint.

103.    Make no response as to Paragraph "103" of the First Amended Complaint, as it contains no statement of fact.

### NINTH CLAIM FOR RELIEF
### NEGLIGENT HIRING AND RETENTION AGAINST
### DEFENDANT THE METROPOLITAN TRANSIT AUTHORITY
### AND DEFENDANT THE LONG ISLAND RAIL ROAD

104.    Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "104" as it relates to paragraphs numbered "1" through "103" with the same force and effect as if fully set forth at length herein.

105.    Deny each and every allegation contained in Paragraph "105" of the First Amended Complaint.

106.    Deny each and every allegation contained in Paragraph "106" of the First Amended Complaint.

107.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "107" of the First Amended Complaint.

108.    Make no response as to Paragraph "108" of the First Amended Complaint, as it contains no statement of fact.

### TENTH CLAIM FOR RELIEF
### FALSE ARREST AND IMPRISONMENT
### AGAINST ALL DEFENDANTS

109.    Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "109" as it relates to paragraphs numbered "1" through "108" with the same force and effect as if fully set forth at length herein.

110. Deny each and every allegation contained in Paragraph "110" of the First Amended Complaint.

111. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "111" of the First Amended Complaint.

112. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "112" of the First Amended Complaint.

113. Make no response as to Paragraph "113" of the First Amended Complaint, as it contains no statement of fact.

## ELEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "114" as it relates to paragraphs numbered "1" through "113" with the same force and effect as if fully set forth at length herein.

115. Deny each and every allegation contained in Paragraph "115" of the First Amended Complaint.

116. Deny each and every allegation contained in Paragraph "116" of the First Amended Complaint.

117. Deny each and every allegation contained in Paragraph "117" of the First Amended Complaint.

118. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "118" of the First Amended Complaint.

119. Make no response as to Paragraph "119" of the First Amended Complaint, as it contains no statement of fact.

**TWELFTH CLAIM FOR RELIEF**
**VIOLATION OF ARTICLE I § 12 OF THE NEW YORK STATE CONSTITUTION**

120.    Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "120" as it relates to paragraphs numbered "1" through "119" with the same force and effect as if fully set forth at length herein.

121.    Deny each and every allegation contained in Paragraph "121" of the First Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

122.    Deny each and every allegation contained in Paragraph "122" of the First Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

123.    Make no response as to Paragraph "123" of the First Amended Complaint, as it contains no statement of fact.

**THIRTEENTH CLAIM FOR RELIEF**
**DEFAMATION**

124.    Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "124" as it relates to paragraphs numbered "1" through "123" with the same force and effect as if fully set forth at length herein.

125.    Deny each and every allegation contained in Paragraph "125" of the First Amended Complaint.

126.    Deny each and every allegation contained in Paragraph "126" of the First Amended Complaint.

127.    Deny each and every allegation contained in Paragraph "127" of the First Amended Complaint.

128.  Deny each and every allegation contained in Paragraph "128" of the First Amended Complaint.

129.  Deny each and every allegation contained in Paragraph "129" of the First Amended Complaint.

130.  Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "130" of the First Amended Complaint.

131.  Make no response as to Paragraph "131" of the First Amended Complaint, as it contains no statement of fact.

## FOURTEENTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS

132.  Repeats and re-alleges each and every admission and denial contained in paragraphs of the First Amended Complaint numbered "132" as it relates to paragraphs numbered "1" through "131" with the same force and effect as if fully set forth at length herein.

133.  Deny each and every allegation contained in Paragraph "133" of the First Amended Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

134.  Deny each and every allegation contained in Paragraph "134" of the First Amended Complaint.

135.  Make no response as to Paragraph "135" of the First Amended Complaint, as it contains no statement of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

136.  Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276.  Therefore, this action and all state law causes of action may not be maintained against Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

137.    Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

138.    Defendant MTA is not subject to an award of exemplary or punitive damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

139.    Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

140.    That Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

141.    Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

142.    That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

143.    That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

144.    That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

145.    Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

146.    That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff=s Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

147.    That these answering defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

148.    Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

149.    If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

150.    Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiff's claims against all Defendants are frivolous.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

154.    Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

155.    Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

156.    Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

157.    At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

158.    If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

159.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

160.    Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

161.    Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

162.    Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff=s Complaint.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

163.    That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

164.   That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

165.   Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

166.   Upon information and belief, this Court lacks jurisdiction over these answering Defendants based upon the allegations in the Complaint.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

167.   That the MTA Police Department is not an entity susceptible to suite. *See, e.g., Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (EDNY 1992).

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

168.   That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

169.   That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

170.   That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

171. That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

172. Plaintiff lacks capacity to bring this suit.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

173. Plaintiff lacks standing to bring the instant action.

**WHEREFORE,** Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY, THE METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, THE LONG ISLAND RAIL ROAD, MTAPD POLICE OFFICER ELOISE BRODERICK, MTAPD POLICE OFFICER GREG BUEHLER, MTAPD POLICE OFFICER CHRIS MCDERMOTT, MTAPD POLICE OFFICER JOUAN OLIVARES, MTAPD POLICE OFFICER ROBERT RAU, MTAPD POLICE OFFICER MATTHEW REILLY, MTAPD POLICE OFFICER MICHAEL HAGGERTY, MTAPD POLICE OFFICER SHEK, MTAPD POLICE OFFICER "JOHN DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT", LIRR EMPLOYEE BENJAMIN GARDNER, and LIRR EMPLOYEE JOHN MANCINI demand judgment dismissing the Complaint against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
      May 28, 2014

                                    Respectfully yours,
                                    **BEE READY FISHBEIN**
                                    **HATTER & DONOVAN, LLP**

By:         _____/S/_____
                    Andrew K. Preston (AP-5857)
                    *Attorneys for Defendants*
                    170 Old Country Road, Ste. 200
                    Mineola, New York  11501
                    T. 516-746-5599 – F. 516-746-1045

File No.: 6178-1307

**TO:**  **STECKLOW COHEN & THOMPSON**
By: **DAVID A. THOMPSON (DT 3991)**
*Attorneys for Plaintiff*
10 Spring Street, Suite 1
New York, New York 10012
T. 212-566-8000 – F. 212-202-4952

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Index No.: 13-CV-9034 (GBD)(RLE)

---

TAMIKO GARRIS-RIVERS,

                                        Plaintiff,

        -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

                                        Defendants.

---

### ANSWER TO FIRST AMENDED COMPLAINT

---

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**
*Attorneys for Defendants*
Office and Post Office Address, Telephone
170 Old Country Road-Suite 200
Mineola, New York 11501
T. 516-746-5599 – F. 516-746-1045

---

To:
Attorney(s) for

---

Service of a copy of the within is hereby admitted.
Dated:                                    _____

                                        Attorney(s) for

---

Sir:-Please take notice
<u>Notice of Entry</u>
that the within is a (certified) true copy of an Order duly entered in the office of the clerk of the
within named court on                    , 20  .
<u>Notice of Settlement</u>
that an order-, the within is a true copy will be presented for settlement to the , one of the Judges of
the within named court, at   Mineola, New York on            , 20   at 9:30, a.m.

Dated:                        Yours, etc.

                        BEE READY FISHBEIN
                        HATTER & DONOVAN, LLP
                        *Attorneys for Defendants*
                        170 Old Country Road-Suite 200
                        Mineola, New York 11501
                        T 516-746-5599 - F 516-746-1045