UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMIKO GARRIS-RIVERS,                     Index No. 13-cv-9034(GBD)(RLE)

                            Plaintiff,

    -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

                            Defendants.
-----------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                       Bee Ready Fishbein Hatter & Donovan, LLP
                                       By: Andrew K. Preston
                                       170 Old Country Road, Suite 200
                                       Mineola, New York 11501
                                       (516) 746-5599
                                       Attorney for Defendants

## PRELIMINARY STATEMENT

Plaintiff brings this suit alleging deprivation of Federal Civil Rights, False Arrest, Failure to Intervene, Excessive Force, Equal Protection, Assault and Battery, Respondeat Superior, Negligence, Negligent Hiring and Retention, False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, and violations of Article 1, Section 12 of the New York State Constitution, and Defamation stemming from Plaintiff's arrest on May 6, 2013.

Plaintiff, by way of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, has withdrawn claims sounding in Municipal Liability, Intentional Infliction of Emotion Distress, and Defamation, and has withdrawn all claims against Defendants Buehler, Willet, and Shek.

However, the record is devoid of any evidence indicating that any of Plaintiff's remaining claims should stand. On the contrary, the evidence conclusively shows that there was probable cause for Plaintiff's arrest.

Accordingly, the Defendants submit this Reply Memorandum of Law in further support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff's claims should be dismissed for a number of reasons. Plaintiff's claims of false arrest, assault, battery, negligence, negligent hiring and retention, respondeat superior, and deprivation of federal and state civil rights must all fail because the Defendants possessed probable cause to arrest the Plaintiff. Second, Plaintiff's claims of excessive force must fail because Plaintiff admits that no force was used.

## PROCEDURAL HISTORY

The procedural history has been fully set forth in Defendants' Statement of Material Facts pursuant to Rule 56.1 ("56.1 Statement").

## STATEMENT OF FACTS

All facts upon which Defendants are relying have been fully set forth in Defendants' 56.1 Statement.

## STANDARD OF REVIEW

Because no genuine issue of material fact can be found in the pleadings, depositions, admissions or affidavits in this lawsuit, the Defendants respectfully request that the Court grant their motion for judgment as a matter of law.

## ARGUMENT

### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 SHOULD BE DISMISSED BECAUSE PROBABLE CAUSE FOR PLAINTIFF'S ARREST EXISTED

Under Section 1983, a false arrest claim cannot be sustained if there was probable cause for the arrest. *See Singer*, 63 F.3d at 118; *see also Weyant*, 101 F.3d at 852. Probable cause arises whenever an arresting officer "'has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Singer,* 63 F.3d at 118 (*quoting O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)); *see also Brewster*, 349 F. Supp. 2d at 551 (*quoting Becker v. Ohio*, 379 U.S. 89, 91 (1964). It is the Plaintiff's burden to show the absence of probable cause. *See Sargent v. County of Nassau*, 04-4274, 2007 U.S. Dist. LEXIS 17474, at *15 (E.D.N.Y. 2007).

Probable cause is determined by assessing the totality of the circumstances and "'consider[ing] those facts available to the officer at the time of the arrest and immediately before it.'" *Maron v. County of Albany*, 166 Fed. Appx. 540, (2d Cir. 2006) (*quoting Lowth v. Cheektowaga*, 82 F.3d 563, 569 (2nd Cir. 1996)); *Sargent*, 2007 U.S. Dist. LEXIS 17474, at *15-*16; *Brewster*, 349 F. Supp. 2d at 551.

On May 6, 2013, Plaintiff boarded the 6:04 PM eastbound train departing from Atlantic Terminal. *(56.1 Statement ¶22).* She was going home from work, on a busy rush hour train during peak hours, and this was her usual way of going home. *(56.1 Statement ¶23-24, 28).* Plaintiff had intended to purchase a ticket for the ride *(56.1 Statement ¶25).* Because Plaintiff knew that the spouse pass she held by virtue of her husband's employment with the LIRR did not entitle her to transportation to or from work, she had intended to purchase a ticket. *(56.1 Statement ¶62, 58).*

However, she did not do so. *(56.1 Statement ¶25).* When Defendant LIRR Assistant Conductor Jonathan Mancini announced "tickets please", Plaintiff did not show a ticket, nor did she ask to purchase one from the conductor. *(56.1 Statement ¶29).* Rather, Plaintiff flashed her spouse pass for an insufficient period of time for it to be inspected by Mancini *(56.1 Statement ¶30-34).* Mancini requested to see the pass again, which request resulted in the same response by Plaintiff. *Id.* Mancini then warned Plaintiff that he would have to get a supervisor and the police involved, as he is required to do if a passenger does not pay her fare or produce a valid pass. *(56.1 Statement ¶35).* It is undisputed that Mancini then told police officers that he was unable to verify the validity of Plaintiff's pass. *(56.1 Statement ¶43).*

The evidence and exhibits demonstrate that Plaintiff was attempting to avoid payment for the fare of the train by attempting to stealthily "flash" her pass. However, even if Plaintiff had displayed the pass for long enough for the conductor to adequately assess its validity, she would still be guilty of theft of services, as the front of the pass specifically stated in bold, capitalized writing in contrasting colors: "**NOT VALID FOR DAILY COMMUTE**". *(56.1 Statement ¶62).* A color copy of the spouse pass previously produced as page 18 of Exhibit E to the Declaration of Andrew K. Preston is annexed hereto as Exhibit A. Moreover, Plaintiff knew that she was not entitled to use the spouse pass in this instance, which is why she testified that she had intended to purchase a valid

3

ticket. *(56.1 Statement ¶25, 58).* Additionally, attachment C to the Long Island Railroad Conditions of Use Corporate Policy & Procedure (at Page 9 of Exhibit F. to the Declaration of Andrew K. Preston) provides that the pass Plaintiff held on the date of the incident here "is **NOT** valid for transportation in connection with outside employment" (emphasis in original). Plaintiff's attempt to raise a question of fact as to whether the pass was shown to Conductor Mancini for a sufficient period of time is of no moment, as she was not permitted to use the pass in connection with her commute inasmuch as Plaintiff was using the pass in connection with her outside employment in direct contravention of the Policy & Procedure. Accordingly, based upon the totality of the facts and circumstances, there was a lawful basis to arrest the Plaintiff for the crime of theft of services.

Finally, the arresting officers were given reasonably trustworthy information by Defendant Conductor Mancini that he was unable to verify whether Plaintiff had a valid pass or ticket, which alone is sufficient to provide probable cause for Plaintiff's arrest. Plaintiff's claims alleging false arrest cannot be sustained because Defendants had probable cause to arrest Plaintiff for theft of services. *See Simpson v. City of New York*, 12-cv-6755, 2015 WL 2359251 (S.D.N.Y. 2013). Accordingly, defendants respectfully request that the Court dismiss Plaintiff's false arrest claim.

**QUALIFIED IMMUNITY IMMUNIZES ALL INIDVIDUALLY NAMED DEFENDANTS**

The availability of the "qualified immunity" defense depends on whether a reasonable government official could have believed his action to be lawful, in light of clearly established law and the information possessed. *See Anderson,* 483 U.S. at 641; *Hunter v. Bryant*, 502 U.S. at 227 ("where the [government official] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed [] years after the fact."); *Loria*, 306 F.3d at 1281; *Danielak*, 2005 U.S. Dist LEXIS 40901, at *27-*29. A government official is entitled to qualified immunity if he reasonably believed that his actions did

not violate the plaintiff's rights, even if that belief was mistaken. *See Anderson,* 483 U.S. at 641 (remanded to determine whether FBI agents could have believed that warrantless search of a home comported with the constitution, even though it did not); *Hunter*, 502 U.S. at 227-29 (finding that the Federal agents were "entitled to qualified immunity because their decision was reasonable, even if mistaken."); *Loria*, 306 F.3d at 1282; *Danielak*, 2005 U.S. Dist LEXIS, at * 28-29.

Plaintiff argues that Defendants are not entitled to Qualified Immunity because Plaintiff produced a spouse pass for an insufficient period of time to verify it. Defendant Mancini's objectively reasonable attempt to ensure that Plaintiff was in possession of a valid train pass, and inability to do so is grounds for Qualified Immunity. Moreover, even if Defendant Mancini had been able to see the pass for a period of time long enough to adequately inspect it, Plaintiff was not entitled to use the pass that day because she was traveling home from work and the pass clearly states in bold: "NOT VALID FOR DAILY COMMUTE". See Exhibit A. Additionally, attachment C to the Long Island Railroad Conditions of Use Corporate Policy & Procedure (at Page 9 of Exhibit F. to the Declaration of Andrew K. Preston) provides that the pass Plaintiff held on the date of the incident here "is **NOT** valid for transportation in connection with outside employment" (emphasis in original).

It was objectively reasonable for police officers to believe that Plaintiff had committed the offense of theft of services as Mancini described it to them, as well as in light of their own observations. *See Simpson v. City of New York*, 12-cv-6755, 2015 WL 2359251 (S.D.N.Y. 2013). Moreover, Plaintiff's attempt to raise a question of fact as to whether the pass was shown to Conductor Mancini for a sufficient period of time is of no moment, as she was not permitted to use the pass in connection with her commute inasmuch as Plaintiff was using the pass in connection with her outside employment in direct contravention of the Policy & Procedure outline, *supra*.

Accordingly, based upon the totality of the facts and circumstances, there was a lawful basis to arrest the Plaintiff for the crime of theft of services.

## PLAINTIFF'S CLAIMS OF EXCESSIVE FORCE MUST BE DISMISSED

The Record here is devoid of any testimony regarding the use of excessive force in effectuating the arrest of Plaintiff. During Plaintiff's examination under oath held pursuant to NY General Municipal Law § 50-h, a transcript of which is annexed to the Declaration of Andrew K. Preston as Exhibit C, Plaintiff was asked "as a result of this incident, were you physically injured in any way?" Plaintiff's response was "physically, no." Plaintiff is accordingly unable to demonstrate that she sustained a physical injury, as is required by *Landy*, *supra,* and her claim of excessive force must be dismissed. Plaintiff appears to oppose this application in Paragraph 57 of the Memorandum of Law in Opposition to the instant motion, but offers no reasons for the opposition. Plaintiff claims in that same paragraph that Plaintiff "was subjected to an aggressive search that involved a police officer manipulating her breasts". Not only does such a claim fail to satisfy the Fourth Amendment standard for excessive force, the claim is not to be found in the record. Plaintiff testified to being given a pat-down search, wherein a female Police Officer felt over Plaintiff's shirt in a search for contraband. See Exhibit D to the Declaration of Andrew K. Preston at page 75.

## PLAINTIFF'S ASSAULT AND BATTERY CLAIMS MUST BE DISMISSED

State-law claims for excessive force and assault and battery against police officers are judged against the objective reasonableness standards of the Fourth Amendment. *Cosby v. City of White Plains*, 2007 U.S. Dist. LEXIS 23770, at *17-18 (S.D.N.Y. Feb. 9, 2007) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991)). Accordingly, Plaintiff's State law claims for assault and battery must be dismissed for the same reasons as her claim of excessive force must be dismissed.

## PLAINTIFF'S NEGLIGENCE CLAIMS MUST BE DISMISSED

To the extent that Plaintiff has properly alleged a negligence claim, it should be dismissed because Plaintiff improperly seeks to recover against the Defendants for their alleged breach of duty relating to Plaintiff's arrest. It is well established that, "a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *See Rheingold v. Harrison Police Dep't*, 568 F.Supp.2d 384, 395, fn 3. (S.D.N.Y. 2008). Additionally, Plaintiff's opposition to the instant motion contains no argument as to why the Court should not dismiss Plaintiff's claim of negligence.

## PLAINTIFF'S CLAIM OF VIOLATIONS OF ARTICLE I §12 OF THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED

A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). Accordingly, Defendants contend that Plaintiff's Claim of Violations of the New York State Constitution must be dismissed for the same reasons that Plaintiff's claim brought under 42 U.S.C §1983 must be dismissed as discussed herein.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 56, the Court issue an order granting the Defendants summary judgment and directing that all the claims in the Plaintiff's complaint be dismissed with prejudice, along with such other relief as the Court deems just and proper.

Dated: Mineola, New York
       July 15, 2015

                                        Respectfully yours,
                                        **BEE READY FISHBEIN**

**HATTER & DONOVAN, LLP**

By:      /S/
       Andrew K. Preston (AP-5857)
       *Attorneys for Defendants*
       170 Old Country Road, Ste. 200
       Mineola, New York 11501
       T. 516-746-5599 – F. 516-746-1045
       File No.: 6178-1307

**TO:**   **STECKLOW COHEN & THOMPSON**
       By: **DAVID A. THOMPSON (DT 3991)**
       *Attorneys for Plaintiff*
       10 Spring Street, Suite 1
       New York, New York 10012
       T. 212-566-8000 – F. 212-202-4952