PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT

OF COUNSEL

THOMAS V. PANTELIS
ROBERT G. LIPP †
ROBERT R. McMILLAN  (Retired)

\*   ALSO ADMITTED IN FL
\*\* ALSO ADMITTED IN NJ
†   DECEASED

SENIOR ASSOCIATES

MICHAEL P. SIRAVO

ASSOCIATES

ANGELO M. BIANCO
† BRIAN A. SUPER
ROBERT M. GOODSTEIN
**STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREA ANDRADE
ANDREW K. PRESTON

# BEE READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D
A T T O R N E Y S-A T-L A W

July 28, 2015

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York NY 10007-1312

**By ECF**

Re: Tamiko Garris-Rivers v. The Metropolitan Transit Authority, Long Island Railroad
SDNY Docket No.: 13-CV-9034
Our File No.: 6178-1307

Dear Judge Daniels:

We are in receipt of Plaintiff's counsel's July 24, 2015 correspondence to Your Honor which calls attention to the matter of *Simpson v. NYPD*, (2015 U.S. App. LEXIS 12163). The allegations in that matter make it clearly distinguishable here. In *Simpson*, Plaintiff alleged that the Defendant Police Officer made unwanted sexual advances toward her, and further alleged that the Police Officer wrongfully used his position of authority to essentially teach the plaintiff "a lesson" when she refused to tell him her last name in response to those sexual advances.

With respect to the *Simpson* Plaintiff's theft of services, the Plaintiff in that case possessed a valid pass for transportation, where the Plaintiff in the instant action was not in possession of a valid pass.

Such facts are clearly distinguishable from the allegations in the case at bar.

Respectfully submitted,

Andrew K. Preston, Esq.
Bee Ready Fishbein Hatter & Donovan, LLP