IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TAMIKO GARRIS-RIVERS,

                                                                            Index No. 13-cv-9034 (GBD) (RLE)

                                                                            ECF CASE

                              PLAINTIFF,

       -against-

                                                                            **PLAINTIFF'S PROPOSED VERDICT SHEET**

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
et al.

                                 DEFENDANTS.
-------------------------------------------------------------------X

## Instructions Concerning Verdict Form

    1. A verdict form has been prepared for your convenience. I will review this form with you now, and afterwards you will take it with you to the jury room.

    2. In order for you as a jury to answer a question, each juror must agree to the answer. In other words, your answers to each question must be unanimous. Your foreperson will write the unanimous answer of the jury in the space provided after each question, and will date and sign the form of special verdict when completed.

    3. Nothing said in the verdict form is meant to suggest what your verdict should be. You alone have the responsibility for deciding the verdict. Similarly, certain words in the questions and responses are rendered in bold underlined text. This is to help you read the questions and answers more clearly. The color of the type is not intended to suggest what your verdict should be.

# Verdict Form

**We, the jury**, unanimously find the following by a preponderance of the evidence:

## PART I: LIABILITY

### Claim 1: False Arrest

*The Plaintiff: Tamiko Garris-Rivers*

*The Defendants: Police Officer Matthew Reilly, Police Officer Jouan Olivares, Police Officer Michael Haggerty, LIRR Employee John Mancini, LIRR Employee Benjamin Gardner*

QUESTION 1: Has Tamiko Garris-Rivers, the plaintiff, met her burden to prove by a preponderance of the evidence that any of the defendants below **were** personally involved in arresting her?

| | | |
|---|---|---|
| Police Officer Robert Rau: | Yes _____ | No _____ |
| Police Officer Matthew Reilly: | Yes _____ | No _____ |
| Police Officer Jouan Olivares: | Yes _____ | No _____ |
| Police Officer Michael Haggerty: | Yes _____ | No _____ |
| LIRR Employee John Mancini: | Yes _____ | No _____ |
| LIRR Employee Benjamin Gardner: | Yes _____ | No _____ |

## Claim 2: Failure to Intervene

*The Plaintiff:*		*Tamiko Garris-Rivers*

*The Defendants:*		*Police Officer Matthew Reilly, Police Officer Jouan Olivares, Police Officer Michael Haggerty, LIRR Employee John Mancini, LIRR Employee Benjamin Gardner*

QUESTION 2:	Has the plaintiff met her burden to prove by a preponderance of the evidence that any of the defendant(s) below failed to intervene to prevent the plaintiff from being falsely arrested, despite knowing that the plaintiff's constitutional rights were being violated, and having a realistic opportunity to intervene?

    Police Officer Robert Rau:		Yes _____	No _____

    Police Officer Matthew Reilly:		Yes _____	No _____

    Police Officer Jouan Olivares:		Yes _____	No _____

    Police Officer Michael Haggerty:	Yes _____	No _____

    LIRR Employee John Mancini:		Yes _____	No _____

    LIRR Employee Benjamin Gardner:	Yes _____	No _____

## Claim 3: Employer Liability

*The Plaintiff:*		*Tamiko Garris-Rivers*

*The Defendants:*		*The Metropolitan Transit Authority; The Long Island Rail Road*

QUESTION 3:	Has the plaintiff met her burden to prove by a preponderance of the evidence that an employee of the MTA or the LIRR committed a tort against the plaintiff?

                                                Yes _____	No _____

QUESTION 4:	Has the plaintiff met her burden to prove by a preponderance of the evidence that the employee's tortuous conduct was generally foreseeable and a natural part of the employment?

                                                Yes _____	No _____

QUESTION 5:	Has the plaintiff met her burden to prove by a preponderance of the evidence that as a result of the employee's tortuous conduct the plaintiff was harmed?

                                                Yes _____	No _____

The Defendants' Defense: Probable Cause

Defendants: The Metropolitan Transit Authority; The Long Island Rail Road, Police Officer Matthew Reilly, Police Officer Jouan Olivares, Police Officer Michael Haggerty, LIRR Employee John Mancini, LIRR Employee Benjamin Gardner

QUESTION 6: Have the defendants met their burden to prove, by a preponderance of the evidence, that any of the following statements are **true**?

    A. At the time of the plaintiff's arrest, there **was** probable cause to believe that the plaintiff made a type or volume of noise which a reasonable person under the circumstances would not tolerate.
        Yes _____    No _____

    B. At the time of the plaintiff's arrest, there **was** probable cause to believe that the plaintiff's conscious objective was to cause breach of the peace causing public harm.
        Yes _____    No _____

    C. At the time of the plaintiff's arrest, there **was** probable cause to believe that, in a gross deviation from the standard of conduct that a reasonable person would observe in the situation, the plaintiff disregarded a risk that her conduct would cause a breach of the peace causing public harm.
        Yes _____    No _____

*If you answered **No** for Question 6A, then your verdict must be that there was **no** probable cause to arrest the plaintiff for plaintiff for disorderly conduct, Penal law 240.20(2).*

*Regardless of your answer to Question 6A, if you answered **No** for **both** Question 6B and Question 6C, then your verdict must be that there was **no** probable cause to arrest the plaintiff for plaintiff for disorderly conduct, Penal law 240.20(2).*

*If you answered **Yes** for Question 6A, **and** also **Yes** for **either** Question 6B **or** Question 6C, then your verdict is that the defendants have established that there **was** probable cause to arrest the plaintiff for disorderly conduct, Penal law 240.20(2).*

QUESTION 7: Have the defendants met their burden to prove, by a preponderance of the evidence, that any of the following statements are **true**?

    A. At the time of the plaintiff's arrest, there **was** probable cause to believe that the plaintiff had the intent to steal transit services.
                                Yes _____    No _____

    B. At the time of the plaintiff's arrest, there **was** probable cause to believe that the plaintiff was required to pay a charge for the service, but did not do so.
                                  Yes _____    No _____

    C. At the time of the plaintiff's arrest, there **was** probable cause to believe that the plaintiff avoided or attempted to avoid payment by an unjustifiable failure or refusal to pay.
                                  Yes _____    No _____

*If you answered **No** for **any part** of Question 7, then your verdict must be that there was **no** probable cause to arrest the plaintiff for plaintiff for theft of service, Penal Law § 165.15(3).*

*If you answered **Yes** for **every part** of Question 7, then your verdict must be that there **was** probable cause to arrest the plaintiff for plaintiff for theft of service, Penal Law § 165.15(3).*

*Please answer Question 8 only if you answered Yes for every part of Question 7.*

QUESTION 8: Did any of the defendants below deliberately disregard any fact establishing that the plaintiff did not commit theft of service?

    Police Officer Robert Rau:    Yes _____    No _____

    Police Officer Matthew Reilly:    Yes _____    No _____

    Police Officer Jouan Olivares:    Yes _____    No _____

    Police Officer Michael Haggerty:    Yes _____    No _____

    LIRR Employee John Mancini:    Yes _____    No _____

    LIRR Employee Benjamin Gardner:  Yes _____    No _____

*If you answered **Yes** for any defendant, then your verdict is that, beginning at the time the defendants(s) above learned the fact(s) establishing that the plaintiff did not commit theft of service, there **ceased to be** probable cause to arrest the plaintiff for theft of services, Penal Law § 165.15(3).*

*Please answer Question 9 only if you answered Yes for every part of Question 7, **and** you answered **Yes** for one or more defendants in your verdict for Question 8.*

QUESTION 9: When did the defendant(s) learn the fact(s), which they deliberately disregarded, establishing that the plaintiff did not commit theft of service?

_____.

*If you answered **Yes** for any defendant in Question 8, then your verdict is that, beginning at the time you identified in response to Question 9, there was **no** probable cause to confine the plaintiff on the charge of theft of service.*

*If you **also** answered **No** for Question 6A alone, or answered **No** for **both** Question 6B **and** Question 6C, then defendants you identified in Question 8 are liable to the plaintiff for false arrest for the period of time the plaintiff was in confinement after the time you identified in response to Question 9.*

Verdict on Liability

Verdict on Claim 1:

*Your verdicts on Questions 1, Question 6, Question 7, Question 8, and Question 9 will determine your verdict of liability or no liability on this claim for each defendant.*

We unanimously find that the following defendants are liable to the plaintiff on her claim of false arrest:

      Police Officer Robert Rau:      Liable _____    Not Liable _____

      Police Officer Matthew Reilly:      Liable _____    Not Liable _____

      Police Officer Jouan Olivares:      Liable _____    Not Liable _____

      Police Officer Michael Haggerty:      Liable _____    Not Liable _____

      LIRR Employee John Mancini:      Liable _____    Not Liable _____

      LIRR Employee Benjamin Gardner:  Liable _____    Not Liable _____

Verdict on Claim 2:

*Your verdicts on Questions 2, Question 6, Question 7, Question 8, and Question 9 will determine your verdict of liability or no liability on this claim for each defendant.*

We unanimously find that the following defendants are liable to the plaintiff on her claim of failure to intervene:

      Police Officer Robert Rau:      Liable _____    Not Liable _____

      Police Officer Matthew Reilly:      Liable _____    Not Liable _____

      Police Officer Jouan Olivares:      Liable _____    Not Liable _____

      Police Officer Michael Haggerty:      Liable _____    Not Liable _____

      LIRR Employee John Mancini:      Liable _____    Not Liable _____

      LIRR Employee Benjamin Gardner:  Liable _____    Not Liable _____

Verdict on Claim 3:

*Your verdicts on Questions 3, Question 6, Question 7, Question 8, and Question 9 will determine your verdict of liability or no liability for each defendant.*

We unanimously find that the following defendants are liable to the plaintiff on her claim of employer liability:

    The Metropolitan Transit Authority:   Liable _____    Not Liable _____

    The Long Island Rail Road:            Liable _____    Not Liable _____

*If you found **any** defendant to be liable on **any** claim, please continue to Part II of this Verdict Sheet, which you will use to write down your verdict on the award of damages.*

*If you found that **no** defendant is liable on **any** claim, then you do not need to proceed to Part II, and your work reaching a verdict is complete.*

# PART 2: DAMAGES

### Compensatory Damages

QUESTION 10: State the total amount of compensatory damages, if any, which you find to be fair and adequate compensation for the plaintiff's loss of liberty. If none, indicate none:

$ _____

QUESTION 11: State the total amount of compensatory damages, if any, which you find to be fair and adequate compensation for physical harm suffered by the plaintiff during and after plaintiff's arrest and confinement (including ill health, physical pain, or discomfort, and any such physical harm that plaintiff is reasonably certain to experience in the future). If none, indicate none:

$ _____

QUESTION 12: State the total amount of compensatory damages, if any, which you find to be fair and adequate compensation for the mental and emotional harm suffered by the plaintiff during and after plaintiff's arrest and confinement (including fear, humiliation, and mental anguish, and any such emotional and mental harm that the plaintiff is reasonably certain to experience in the future.)?

$ _____

### Nominal Damages

QUESTION 13: If you returned a verdict **for** the plaintiff against any defendant on any claim, but you find that the plaintiff has failed to prove that she is entitled to compensatory damages for such claim(s), then you must award nominal damages of $ 1.00 for each such claim. With this in mind, do you award the plaintiff nominal damages?

        Claim 1:      Yes _____     No _____

        Claim 2:      Yes _____     No _____

        Claim 3:      Yes _____     No _____

Punitive Damages

QUESTION 14: Do you find that punitive damages should be assessed against any of the defendants below?

   Police Officer Robert Rau:  Yes _____  No _____

   Police Officer Matthew Reilly:  Yes _____  No _____

   Police Officer Jouan Olivares:  Yes _____  No _____

   Police Officer Michael Haggerty:  Yes _____  No _____

   LIRR Employee John Mancini:  Yes _____  No _____

   LIRR Employee Benjamin Gardner: Yes _____  No _____

QUESTION 15: If your verdict for the previous question was **Yes** for any defendant(s), next to that defendant's name write the amount of punitive damages you find should be awarded based on that particular defendant's conduct.

   Police Officer Robert Rau:  $ _____

   Police Officer Matthew Reilly:  $ _____

   Police Officer Jouan Olivares:  $ _____

   Police Officer Michael Haggerty:  $ _____

   LIRR Employee John Mancini:  $ _____

   LIRR Employee Benjamin Gardner: $ _____

SO SAY WE ALL,
this \_\_\_ day of _____, 2016.

_____
Foreperson