UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TAMIKO GARRIS-RIVERS,                                          Index No. 13-cv-9034(GBD)(RLE)

                                        Plaintiff,

                        -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

                                        Defendants.
-------------------------------------------------------------------X


# DEFENDANTS' PROPOSED REQUESTS TO CHARGE


                                        Bee Ready Fishbein Hatter & Donovan, LLP
                                        By: Andrew K. Preston
                                        170 Old Country Road, Suite 200
                                        Mineola, New York 11501
                                        (516) 746-5599
                                        Attorney for Defendants

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

In addition to the Court's standard jury instructions addressed to the role of the court and jury, court testimony, exhibits, credibility, controlling law for Section 1983 litigation (color of state law, deprivation of rights, proximate cause), with respect to Plaintiff's false arrest and failure to intervene claims, and damages, Defendants respectfully request that the Court instruct the jurors on the law including the following requests to charge pursuant to Rule 51 of the Federal Rules of Civil Procedure.

**BURDEN OF PROOF**

The burden is on the Plaintiff in a civil action, such as this, to prove every element of her claims by a preponderance of the evidence.  A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, had more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.  In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely than not.  This rule, of course, does not require proof to an absolute certainty.

In determining whether any fact in issue has been proved by a preponderance of the evidence in a case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**CREDIBILITY**

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility and may choose to disbelieve all or part of any

witness' testimony. In making the decision as to where the truth lies, you may take into account any number of factors, including the following:

**FIRST:**  The witness' opportunity to see, hear and know about the events that he or she described;

**SECOND:**  The witness' ability to recall and describe those events;

**THIRD:**  The witness' manner while testifying;

**FOURTH:**  The reasonableness of the witness' testimony in light of all the other evidence in the case;

**FIFTH:**  Whether the witness had any bias or prejudice concerning any party, person or matter involved in the case;

**SIXTH:**  Whether the witness is an "interested witness." A witness is an "interested witness" if he or he has an interest in the outcome of the case. By way of example, a party to this action is an interested witness. However, the fact that a witness is an interested witness does not necessarily make him or her less believable than a witness who is not interested. It is for you to determine from the behavior of such a witness while he or she testified, and from your general experience in judging people, whether or not the testimony has been shaded or colored by interest in the outcome of the case, either intentionally or unintentionally.

**SEVENTH:**  You may also consider whether a witness's testimony was contradicted by his or her own testimony during the trial, or by what the witness said or did on a prior occasion, or by the testimony of other witnesses, or by some other evidence in the record. In addition, in assessing a witness' credibility or believability, you may also consider what the witness may have indicated in a prior written or oral statement, or during the course of his or her testimony at a deposition prior to this trial. However, in deciding whether or not to believe a witness, you should bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or

contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or a small detail. Also bear in mind that two people witnessing a single event may observe it differently and remember it differently.

With respect to a prior inconsistent statement of a witness, you are instructed that an inconsistency may be utilized by you solely for the purpose of determining the credibility of that witness, subject to the following exception: if the inconsistency appears in a pre-trial deposition (which, of course, would have been taken under oath and subject to cross examination), then such inconsistent statement may also be considered, to the extent you deem appropriate, as "substantive evidence" - in other words, for the truth of the matters asserted in the earlier statement.

If you find that any witness, including a party, has willfully testified falsely as to any material fact, in whole or in part, you may disregard not only that particular statement, but you may also, if you find it appropriate, to disregard all of his or her testimony as not being worthy of belief.

### CLAIM I:  FALSE ARREST (42 U.S.C. § 1983)

Under the United States Constitution, no person may be arrested without probable cause. This means that the police officer who made the arrest must have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as that officer to conclude that the person being arrested has committed or is about to commit a crime. Probable cause to arrest exists when authorities have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to cause a person of reasonable caution to believe that the person to be arrested has committed or is committing a crime. It requires only a probability or a substantial chance that a crime has taken or is taking place. Whether or not

there was probable cause to arrest depends on the information available at the time of the arrest judged against the totality of the circumstances.

However, an officer who has probable cause to arrest need not explore and eliminate every theoretically plausible claim of innocence prior to making an arrest.[1]  An officer's failure to investigate an arrestee's protestations of innocence generally does not negate probable cause.[2] Probable cause can exist even where an arrest is based upon mistaken information, so long as the arresting officer acted reasonably and in good faith and relied on that information.[3]  A police officer only needs to have reasonable cause to believe that the subject had committed a crime.[4] For the purpose of determining whether an arresting officer had probable cause to arrest, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed shared by all.[5]

Plaintiff has the burden of establishing by a preponderance of the evidence that she was arrested without probable cause. If probable cause existed for the arrest, then the Plaintiff was not subjected to an unreasonable seizure.[6] In this case, Plaintiff was arrested for Theft of Services for failure to display a valid LIRR transportation pass for verification. Failure to display a valid LIRR transportation pass for verification would provide probable cause to arrest the Plaintiff.

Therefore, if you find by a preponderance of the evidence that the Plaintiff failed to display a valid LIRR transportation pass for verification, Defendant police officers had probable cause to make the arrest of Plaintiff, and you must return a verdict in favor of the Defendants. If you find by a preponderance of the evidence that the Defendant police officers did not have probable cause

---

[1] *Pennetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (citations and quotations omitted).
[2] Section 1983 Litigation, Jury Instructions, 2d Ed., Aspen Publishers, 2009, § 8.01
[3] *Nelson v. Hernandez*, 524 F. Supp.2d  212, 221 (E.D.N.Y. 2007)
[4] *Nelson v. Hernandez*, 524 F. Supp.2d  212, 221 (E.D.N.Y. 2007)
[5] *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003) (citation and quotation omitted).
[6] Section 1983 Litigation, Jury Instructions, 2d Ed., Aspen Publishers, 2009, § 8.01

based upon the information available at the time of the arrest, judged against the totality of the circumstances, then you must return a verdict in favor of the Plaintiff, and then you should proceed to consider the issue of damages.

## QUALIFIED IMMUNITY

I have now completed my instructions to you on the elements of plaintiffs' Section 1983 claims.  If you find, and only if you find, that the Plaintiff have proven the elements of her Section 1983 claim for false arrest against the Defendants, you must proceed to consider whether Defendant police officers are entitled to what the law calls "qualified immunity."

A police officer is entitled to qualified immunity when (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act.[7]  If an officer facing Section 1983 liability did not clearly violate the Constitution, he should not be subject to liability.[8]  Defendant police officers are entitled to qualified immunity from liability if there was probable cause to arrest the plaintiff, or even if there was arguable probable cause for them to arrest Plaintiff.

Probable cause to arrest someone exists where the facts and circumstances within an officer's knowledge is sufficient in itself to warrant a person of reasonable caution in the belief that an offense has been or is being committed.[9]  The existence of probable cause to arrest someone is an absolute defense to a false arrest claim.[10]  A Plaintiff may not recover for false arrest when the arresting officer had probable cause.[11]  Therefore, if you find that the Defendant

---

[7] *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007)
[8] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)
[9] *Safford Unified School District v. Redding*, 129 S. Ct. 2633 (2009)
[10] *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)
[11] *Crenshaw v. City of Mount Vernon*, 372 Fed. Appx. 202, 205 (2d Cir. 2010)

police officers had probable cause to arrest the Plaintiff, you must find that the officers are entitled to qualified immunity from any liability to Plaintiff.  As for arguable probable cause, arguable probable cause to arrest exits "when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law."[12]

A particular Defendant will be not be entitled to qualified immunity if, at the time of the complained of conduct, he should have known that his conduct was contrary to clearly established federal law. I will instruct you in a moment about the clearly established law regarding the Plaintiff's claim. If you find that a Defendant police officer is entitled to qualified immunity for each individual Section 1983 claim, you may not find that officer liable for that claim. If however, you find that a Defendant police officer is not entitled to qualified immunity with respect to a claim, you may proceed to consider the issue of damages.  The fact that a Defendant acted with subjective good faith does not entitle the Defendant to the protection of "qualified immunity." A particular Defendant is entitled to "qualified immunity" only if a reasonable police officer in that Defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable police officer should have known about the legality of the individual Defendant officer's conduct, you may consider the nature of the individual Defendant's official responsibilities, the information that was known to him or not known to him at the time of the incident in question, and the events that confronted him. Thus, you must ask yourself what a reasonable police officer in the Defendant's situation would have believed about the legality of his conduct. The standard is an objective one - what a reasonable police officer would have done in the individual Defendant's situation.

---

[12] *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (emphasis in original)

If you find that a reasonable police officer in the Defendant police officers' situation would have believed that his (the officer's) conduct was lawful, he is protected from liability by "qualified immunity." To summarize, if you are convinced by a preponderance of the evidence that the Defendant police officer's conduct did not violate clearly established federal law with respect to the plaintiffs' Section 1983 claims, then you must return a verdict in favor of the Defendant on that claim. This is so even though you may have previously found that the same Defendant violated the Plaintiff's federally protected rights. If you find that the Defendant police officer has not proved that he is entitled to "qualified immunity" on the Plaintiff's false arrest claim, then you should proceed to consider the issue of damages.

## CLAIM II:  FAILURE TO INTERVENE (42 U.S.C. § 1983)

Plaintiff contends that the defendants violated her constitutional rights and that the Defendants should be liable for that violation because the defendants failed to intervene to stop these violations.

You may only find that a Defendant is liable for that violation if Plaintiff has proven each of the following four things by a preponderance of the evidence:

First:      Defendant violated plaintiff's federal rights by arresting her without probable cause.

Second:     The Defendant police officers had a duty to intervene. I instruct you that police officers have a  duty to intervene to prevent the use of excessive force by a fellow officer.

Third:      The Defendant had a reasonable opportunity to intervene.

Fourth:     The Defendant failed to intervene

.

8

## CLAIMS VI AND VII:
## PENDENT STATE LAW FALSE ARREST

I now turn to the Plaintiffs' state law claims against the defendants.  We call these claims "pendent" or "supplemental" state law claims because they are alleged in addition to the federal constitutional claims. These claims are not for deprivation of constitutional rights, but they are claims based on common law torts, namely civil wrongs of false arrest and battery, brought under state law principles.

In this case the elements of these state law claims track the elements of the federal Section 1983 claims.  Therefore, if you find that Defendants are not liable for violation of Plaintiffs' constitutional rights against false arrest, you may not find defendants liable for the state law claim of false arrest and battery.


Dated:        Mineola, New York
              June 17, 2016


                                      Respectfully yours,
                                      **BEE READY FISHBEIN**
                                      **HATTER & DONOVAN, LLP**

By:        /S/
                                      Andrew K. Preston (AP-5857)
                                      *Attorneys for Defendants*
                                      170 Old Country Road, Ste. 200
                                      Mineola, New York  11501
                                      T. 516-746-5599 – F. 516-746-1045
                                      File No.: 6178-1307