UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMIKO GARRIS-RIVERS,                    Index No. 13-cv-9034(GBD)(RLE)

Plaintiff,

     -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY, THE METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, THE LONG ISLAND RAIL ROAD,
MTAPD POLICE OFFICER ELOISE BRODERICK,
MTAPD POLICE OFFICER GREG BUEHLER, MTAPD
POLICE OFFICER CHRIS MCDERMOTT, MTAPD
POLICE OFFICER JOUAN OLIVARES, MTAPD
POLICE OFFICER ROBERT RAU, MTAPD POLICE
OFFICER MATTHEW REILLY, MTAPD POLICE
OFFICER MICHAEL HAGGERTY, MTAPD POLICE
OFFICER SHEK, MTAPD POLICE OFFICER "JOHN
DOE" ALSO KNOWN AS POLICE OFFICER "WILLETT",
LIRR EMPLOYEE BENJAMIN GARDNER, and
LIRR EMPLOYEE JOHN MANCINI,

Defendants.
-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF'S MOTION IN LIMINE

                                            Bee Ready Fishbein Hatter & Donovan, LLP
                                            By: Andrew K. Preston
                                            170 Old Country Road, Suite 200
                                            Mineola, New York 11501
                                            (516) 746-5599
                                            Attorney for Defendants

# INTRODUCTION

This memorandum is submitted in opposition to Plaintiff's Motion *in limine*. (DE: 106). As the Court may recall, Plaintiff's two causes of action which survived Defendants' Motion for Summary Judgment sound in false arrest and failure to intervene on the part of Metropolitan Transportation Authority ("MTA") Police Officers during Plaintiff's May 6, 2013 arrest on an eastbound Long Island Rail Road ("LIRR") train in Jamaica Station. A crucial question of fact to be decided at trial will be whether or not Plaintiff presented her LIRR Pass to officials for a period of time that was sufficient for those officials to examine and verify it. If Plaintiff failed to do so, probable cause existed for her arrest for Theft of Services pursuant to New York Penal Law §165.15.

At the time of her arrest, Plaintiff possessed a LIRR Spouse Pass by virtue of her husband's employment with the LIRR. On the front of the spouse pass is printed in large, bold contrasting yellow, all capital letters: "**NOT VALID FOR DAILY COMMUTE**". (DE:75:1). Plaintiff testified at deposition that she did not possess a ticket for travel that day. (DE:67:4). Plaintiff testified at deposition that "I was going to purchase a ticket, but I didn't make it there in time because the train was pulling in; so that's when I decided to use my spousal pass."

MTA Corporate Policy and Procedure section OOS-001 establishes the process of issuance and usage of MTA LIRR spouse passes. (DE: 66 at Para. 59). The Policy provides that "The Pass…is not valid for transportation in connection with outside employment". (DE:66 at Para. 61). Plaintiff now seeks an order:

a. Precluding evidence of Plaintiff's use of the spouse pass prior to the date of arrest, and;

b. Excluding evidence of MTA Long Island Rail Road Corporate Policy & Procedure OOS-001.

For the reasons explained herein, Plaintiff's application must be denied.

## ARGUMENT

## THE STANDARD OF REVIEW

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (quoting Baxter Diagnostics, 1998 WL 665138, at *3). In considering a motion *in limine*, courts may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co., 937 F. Supp. at 287 (citing Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (stating that a motion *in limine* to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")).

## POINT I

## PLAINTIFF HAS FAILED TO SHOW THAT THE PLAINTIFF'S USE OF HER SPOUSE PASS BEFORE THE DATE OF ARREST IS CLEARLY INADMISSIBLE ON ALL POTENTIAL GROUNDS

Plaintiff's motion *in limine* alleges that the testimony regarding Plaintiff's use of her spouse pass before the date of her arrest should be excluded by way of a motion *in limine* for two reasons: 1) it is irrelevant, and 2) the jury will be confused by it. Neither contention has merit.

With regard to relevance, Plaintiff testified at pages 36-37 of her deposition that, although she commuted to New York City every day from her home in Wyandanch, she used her spouse pass for travel only a few times a year. Plaintiff knew at the time of her arrest that she was improperly using

her spouse pass for traveling home from work. Such knowledge would provide motivation for Plaintiff to "flash" her pass, which is exactly what she is alleged to have done by Defendant Conductor Jonathan Mancini. Accordingly, Plaintiff has failed to show that past use of the spouse pass is irrelevant.

Plaintiff alleges that evidence of past use of the spouse pass would "mislead or confuse the jury" because the jury would believe that the evidence "bears relation to one of the ultimate facts the jury is tasked with deciding". A question of fact which the jury may need to decide is whether Plaintiff showed her pass to Conductor Mancini for a period of time long enough for him to verify it. As explained above, Plaintiff's knowledge that she was improperly using the pass at the time bears relation to this question of fact. Indeed, Plaintiff's knowledge of her improper use of the Spousal pass would clearly and unequivocally provide the motive for her refusal to allow the conductor, conductor supervisor, and police officers to properly inspect the pass.

## POINT II

## PLAINTIFF HAS FAILED TO SHOW THAT MTA CORPORATE POLICY AND PROCEDURE § OOS-001 IS CLEARLY INADMISSIBLE ON ALL GROUNDS

Plaintiff makes two arguments for the proposition that the MTA Corporate Policy and Procedure §OOS-001 should be precluded by way of motion *in limine*. Plaintiff alleges that the introduction of the document should be precluded because: 1) is not relevant; 2) it will confuse the jury, and; 3) it is inauthentic. We address each in turn.

With respect to Plaintiff's relevance argument, as stated above, Plaintiff alleges that she displayed her spouse pass to Conductor Mancini for a period of time long enough for him to verify it, and the Defendants dispute this allegation. Whether Plaintiff knew or not that she was improperly using the pass at the time bears relation to this question of fact. While the front of the spouse pass in

question is printed in large, bold contrasting yellow, all capital letters: "**NOT VALID FOR DAILY COMMUTE**", the back of that pass (DE: 67:7) has the printed words in bold, all capital letters "**USE OF THIS PASS IS SUBJECT TO LIRR CORPORATE POLICY AND CONDITIONS OF USE**". The conditions of use contained in the relevant portion of the Corporate Policy provide that "The Pass will be lawfully used and is **NOT** valid for transportation in connection with outside employment." Plaintiff knew or should have known about this policy while she was using the LIRR to get home from work. Such knowledge would support the Defendants' contention that she "flashed" it because she knew that she was using the pass improperly and did not want the conductor to learn of her improper and unauthorized use of the pass.

With respect to Plaintiff's argument that the Corporate Policy would confuse the jury, the Defendants assert the same position as in Point I, above.

Plaintiff's argument that the policy is inauthentic is insufficient for the standard of review for motion *in limine*, as stated above. The document is subject to authentication at trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that an order denying Plaintiff's motion *in limine* is warranted.

Dated: Mineola, New York
June 15, 2016

             Respectfully yours,
             **BEE READY FISHBEIN**
             **HATTER & DONOVAN, LLP**

    By:    /S/
             Andrew K. Preston (AP-5857)
             *Attorneys for Defendants*
             170 Old Country Road, Ste. 200
             Mineola, New York 11501
             T. 516-746-5599 – F. 516-746-1045
             File No.: 6178-1307

**TO:STECKLOW COHEN & THOMPSON**
By: **DAVID A. THOMPSON (DT 3991)**
*Attorneys for Plaintiff*
10 Spring Street, Suite 1
New York, New York 10012
T. 212-566-8000 – F. 212-202-4952