PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

OF COUNSEL

THOMAS V. PANTELIS
EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN  (Retired)

\*   ALSO ADMITTED IN FL
\*\* ALSO ADMITTED IN NJ
†   DECEASED

BEE READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D

A T T O R N E Y S-A T-L A W

SENIOR ASSOCIATES

ANGELO M. BIANCO

ASSOCIATES

† BRIAN A. SUPER
\*\*STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
PHILIP A. BUTLER

September 6, 2016

VIA ECF

Honorable George B Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York NY 10007-1312

**By ECF**

**Re:**   Tamiko Garris-Rivers v. The Metropolitan Transit Authority, Long Island Railroad
SDNY Docket No.: 13-CV-9034
Our File No.: 6178-1307

Dear Judge Daniels:

We represent the Defendants in the above-referenced action. We write in response to Plaintiff's Reply Memeorandum of Law in support of Plaintiff's motion for Judgment as a Matter of Law. (DE: 127). For reasons articulated herein, the Defendants seek leave for This Honorable Court to consider this correspondence as a sur-reply to same.

Plaintiff argues that the Defendants have waived the right to Qualified Immunity by agreeing with the Court's recommendation that including a Qualified Immunity instruction in the Jury Charge was not necessary at page 318 of the trial transcript. The Court's, at page 311 of the transcript, advised that:

> Now, I'm not sure how you articulate something that's qualified immunity that's outside that definition, that even if they violated her rights, they get qualified immunity for it. I don't know how to articulate that to the jury under these circumstances.  If they genuinely believe and it was reasonable for them to believe and a reasonable police officer in their situation would have believed that she was guilty of the crime of theft of services, then, regardless of whether she was, wasn't, it's debatable, they're off.  That's it.  They're not guilty, if they have probable cause. And so the question is whether or not that constitutes probable cause.  If it does constitute probable cause and a reasonable police officer, a reasonable person who

Nassau County Office:  170 Old Country Road • Suite 200 • Mineola, NY 11501 • Telephone (516) 746-5599 • Fax (516) 746-1045
Suffolk County Office:  105 Maxess Road • Suite 121 • Melville, NY  11747 • Telephone (631) 501-1030 • Fax (631) 501-5995

*September 6, 2016*
*Page 2*

      had the same official expertise of these police officers would have concluded that they didn't commit a crime, then I don't know how, on top of that, I would give them qualified immunity.  I just don't know how to articulate that.

The undersigned agreed that Qualified Immunity need not be submitted to the Jury because –as the court recommended—if the jury found that the officers reasonably believed that they had probable cause to arrest the plaintiff (as this jury did), then a separate Qualified Immunity instruction was not necessary. Plaintiff's statement that Defendants have waived a Qualified Immunity defense is contrary to law and Plaintiff's citation to *Zellner*[1] is misleading. Plaintiff's quoted language in *Zellner* relates to **facts** not submitted to a jury being the source of a basis for Qualified Immunity. Accordingly, the Defendants are entitled to qualified immunity in this action.

Plaintiff argues that "false arrest and false imprisonment claims are the same", and cites two cases for that proposition.[2] A review of each case will reveal that neither stands for that proposition.

For the foregoing reasons as well as those stated in Defendants' opposition (DE: 125) to Plaintiff's post-trial motion (DE: 122), the Defendants respectfully request This Honorable Court issue an order denying Plaintiff's post-trial motion (DE: 122), along with such other relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            Andrew K. Preston, Esq.
                                            Bee Ready Fishbein Hatter & Donovan, LLP

---

[1] *Zellner v. Summerlin*, 494, F.2d 344 (2d Cir.2007)
[2] *Jenkins v. City of New York,* 478 F.3d 76 (2d Cir. 2007); *Weyant v. Okst*, 101, F.3d 845 (2d Cir 1996)